LeRoy v. East Saginaw City Railway.

---

## Myron F. LeRoy v. East Saginaw City Railway.

*Corporation: Special tax: Exemption from general tax.* By the laws of 1861 and 1863, under which plaintiff below was incorporated, it was required to pay an annual specific tax of 1½ per cent. on its paid-in capital, and this was to be "in lieu of all other taxes upon all the property of said Company."

*Held*, that the company were exempt from all other taxes.

18 Mich.—Q.

LeRoy v. East Saginaw City Railway.

*Replevin: Property seized for taxes: Public law, notice of.* The Statute—*Comp. Laws* §5008—provides that no replevin shall lie for any property taken by virtue of any warrant for the collection of any tax, assessment, or fine in pursuance of any law of this State.

*Held,* that this provision must be construed as applying only to cases in which a valid tax might, by possibility, have been imposed and collected by regular and proper proceedings under statute authority.

*Held further,* that the said law regarding corporations being a general law, the collector was bound to take notice of it, and it could not avail him that the tax roll did not show that the party taxed was a corporation.

*Tax Collector, how far protected by regular warrant.* The fact that the tax warrant was regular, upon its face, and disclosed no illegality, cannot afford protection to the collector in this action.

It goes only to the extent of protecting him from personal responsibility as a trespasser or wrong-doer. It cannot be made the foundation of a right or claim against others, nor confer any right of property, which alone is in issue in an action of replevin.—*1 Doug. 199.*

*Replevin: Detinet: Demand.* Under the statutes of Michigan the action of replevin is always in the detinet, whether the taking be wrongful or not. Where, therefore, the taking was wrongful, and the plaintiff establishes his right to the property, his action cannot be defeated by a failure to make a prior demand; such failure not going to the right of action. — *10 Mich. 357, 369, 370.*

*Heard April 16th. Decided April 20th.*

Error to Saginaw Circuit.

This was an action of replevin, brought by the East Saginaw Railway Company against the City Tax Collector for certain property levied upon for the non-payment of taxes.

A verdict was rendered for plaintiff below.

The facts are stated in the opinion.

*B. J. Brown,* for plaintiff in error.

This is an action of replevin in the cepit, brought for the recovery of one pair of mares, mentioned in the declaration.

The action cannot be maintained unless the property was unlawfully taken.

The warrants annexed to the assessment rolls, it is admitted, were in due form of law; and the marshal was therein directed to collect the tax. But the Circuit Court, in effect, held the rolls to be void on their face, as against the defendant in error for the reason, to adopt

the language of the charge, that it "was only liable to pay specific taxes to the state," and was "not liable to assessment upon the rolls offered in evidence."

Is this a correct statement of the extent of its lia bility? Is it exempt from special assessments for public improvements, which, if not paid, are spread over the city rolls? See charter of East Saginaw, title 6, section 44. — *Laws of 1859, '61, '65; LeFevre v. Mayor of Detroit, 2 Mich. 586; Lockwood v. St. Louis, 24 Mo. 20.*

If it be assumed that the property of the defendant in error was exempt from general taxation, this exemption did not appear on the face of the rolls. It depends upon the existence of extrinsic facts.

The warrant and rolls were regular upon their face, and trespass would not lie against the officer. — *Sheldon v. Van Buskirk, 2 N. Y. 477; Savacool v. Boughton, 5 Wend. 170; Patchin v. Ritter, 27 Barb. 34; Chegary v. Sheldon, 5 N. Y. 377; Abbot v. Yost, 2 Denio, 87; Alexander v. Hoyt, 7 Wend. 89; Bennett v. Burch, 1 Denio, 141.*

Hence replevin in the cepit cannot be maintained. — *Richardson v. Reed, 4 Gray, 441; Hopkins v. Hopkins, 10 Johns. 373; Barrett v. Warren, 3 Hill 348; Kellogg v. Churchill, 2 N. H. 412; Rextor v. Chevalier, 1 Mo. 345.*

2. The statute expressly declares that "No replevin shall lie for any property taken by virtue of any warrant for the collection of any tax, assessment or fine, in pursuance of any statute in this State." — *Comp. Laws, § 5008.*

No refinement of argument can take the case at bar out of the provisions of this section. — *People v. Albany, Common Pleas, 7 Wend. 345; O'Reilly v. Good, 42 Barb. 421; Freeman v. Howe, 24 How. U. S. 440; Gardner v. Campbell, 15 Johns. 402; Stiles v. Griffith, 3 Yeates, 82.*

*Webber & Smith,* for the defendant in error.

1. The defendant in error being organized as a corporation, under chapter 71 of the Compiled Laws, was

liable to pay a specific tax to the State — *1 Comp. Laws,* § *2,088* — which the statute declares "shall be in lieu of all other taxes upon all the property of said company." Therefore if there was an assessment on the general tax rolls against the said defendant in error, it was void on its face, and afforded no authority for the marshal to seize the property of the corporation.

2. But it is claimed that the statute prohibits an action of replevin for property taken under a claim for a tax. — *2 Comp. Laws,* § *5008.*

To this we reply:

*a.* The objection comes too late. It should have been taken by plea in abatement or by motion. — *The People v. Albany, C. P. 7 Wend. 485; O'Reily v. Good, 41 Barb. 541.*

By pleading to the merits, the defendant below consents to a trial on the merits.

*b.* The statute only prohibits the writ, when property is taken for a tax in pursuance of a statute of this state. The property in question was not taken for a tax in pursuance of any statute of this state, but for one directly against the statute.

*c.* If we are correct in saying there was no tax against defendant in error on the rolls, then there was not even a pretense of authority for the seizure.

*d.* The plaintiff below, if the tax was void, might as well bring this writ to recover his property as a party whose goods are taken in execution could bring it to test the question of exemption, and this has often been done, and the court has never refused to enquire into the merits of such cases. — *Elliott v. Whitmore, 5 Mich. 532; Smalley v. Masten, 8 Mich. 529.*

The case must now be disposed of on the merits, and if the court holds that there was no authority for the seizure, the marshal cannot have judgment for the amount of the

tax, for it was void, and he had no special property — no lien — only a bare possession without right.

Suppose a party pays his tax and then the collector should seize on pretense that it was not paid; or suppose no tax on the roll — or a case of double assessment and a seizure, clearly such cases are not a taking of property for a tax in pursuance of any statute of this state, and the writ is not prohibited — neither is it the case now under consideration.

CHRISTIANCY J.

This was an action of replevin brought by defendant in error, a corporation organized under chapter 71, compiled laws ( to provide for the construction of train railways ), and the Acts of 1861 and 1863 amendatory thereof, against the plaintiff in error, who was marshal and collector of taxes of the city of East Saginaw, who had levied upon and taken the property in question under warrants attached to his rolls, to satisfy state and county taxes, as well as certain city and local taxes assessed against the defendants in error.

The affidavit on behalf of the company upon which the writ of replevin issued, was that the property " had not been taken for any tax, assessment or fine levied by virtue of any law of this state, nor seized under any execution or attachment against the goods and chattels of said East Saginaw City Railway, liable to execution," &c.

By the act under which the defendant in error was incorporated, the corporation was required to pay annually a specific tax of one half of one per cent. on the whole amount of its capital paid in, which was to be paid to the State Treasurer on the first Monday of July in each year. This specific tax ( with which the assessor and collector of taxes had nothing to do, and no power to assess or collect )

is by the statute declared to be "in lieu of all other taxes upon all the property of said company."

This is a public law of which all are bound to take notice. We are aware of no law, and have been referred to none, under or by virtue of which, the tax assessed upon this company (and which the defendant below was by his warrant commanded to collect), could have been imposed.

But, it is insisted by the plaintiffs in error that the action of replevin for the property thus taken by him, is forbidden by section four of chapter 152 Compiled Laws.

This section enacts that "No replevin shall lie for any property taken by virtue of any warrant for the collection of any tax, assessment, or fine, in pursuance of any law of this State."

The main object of this statute would seem to have been to prevent delays in the collection of the public revenue, and to drive parties claiming property seized for the payment of taxes, &c., to some other remedy, which should not, during the litigation, prevent the prompt collection of the tax.— *People v. Albany*, (*Com. Pleas;*) *7 Wend. 485; O'Reilly v. Good, 42 Barb. 521; Stiles v. Griffith, 3 Yeates, 82.*

To construe this provision as intended to apply only to cases in which the taxes—for which the property has been taken—have been imposed by authority of, and in full compliance with the statute authorizing any particular taxes, so as to render it a valid tax, in pursuance of such statute, would be to make the question of the maintenance of the replevin depend in all cases upon the validity of the tax to be determined upon the trial; and this would make the statute forbid only those actions of replevin which must equally have failed without the statute. On the other hand to construe the statute as applying to a case in which there is no statute authority for the assessment and collection of any tax by the officers who may have undertaken to assess or collect one; and where no possible proceeding of such

officers could have given them authority to impose or collect any tax under any statute of the state (or to a case where the property of some other person than the party taxed, has been seized), would be to extend the statute to cases which do not come within its spirit or intent.

This provision must, therefore, be construed as applying only to cases in which a valid tax might, by legal possibility, have been imposed and collected by regular and proper proceeding under some statute authority. In this latter class of cases this provision would prohibit the action of replevin, though the statute authority might not have been fully complied with, and the proceedings might have been so far irregular, as to defeat a sale of real estate sold for such taxes.

It is urged, however, by the plaintiff in error, that though he may have been bound to know the law, he was not bound to know the facts which did not appear on his rolls or warrants; that these did not show that the party taxed was a corporation, that it might have been a copartnership—a fact to be determined by the assessors; and they having taxed the defendant on the rolls, he was bound to suppose the assessors had determined that the company was not a corporation, but a private association or partnership, and that he, the collector, was therefore protected by his warrants, which were regular on their face, not disclosing the illegality.

But the protection afforded on this ground does not go far enough to avail the collector in this action of replevin. It goes only to the extent of protecting him from personal responsibility as a trespasser or wrong-doer. It cannot be made the foundation of a right or claim against others, nor confer any right of or to property, which alone is in issue in an action of replevin. This point was expressly decided in *Beach v. Botsford, 1 Doug. Mich. 199.*

As to the point raised by the plaintiff in error, that no demand for the property having been made before suit, this

must be treated as an action of replevin in the *cepit* which will only lie where trespass would lie, it is sufficient to say that the action of replevin, under our statute is, in form, always in the *detinet*, whether the taking be wrongful or not; and that, where the taking was wrongful as against the plaintiff, and he establishes his right to the property, his action cannot be defeated by the failure to make a prior demand, such failure not going to the right of action. This was so held by this court in *Trudo v. Anderson, 10 Mich. 357, 369, 370.*

The judgment of the Circuit Court must be affirmed, with costs.

The other Justices concurred.