## Harriet Travers v. Gage Inslee.

*Replevin for property seized to enforce the collection of a tax.* The Statute which provides that no replevin shall lie for any property taken by virtue of a warrant for the collection of a tax, must be construed to apply only to cases where the property seized is that of the person, or of one in privity with the person, against whom the tax was assessed.

*Heard and decided July 12.*

Error to St. Clair Circuit.

Harriet Travers brought her action of replevin for a horse seized by Gage Inslee as Marshal of the city of Port Huron, to enforce the collection of a tax assessed against John T. Travers. On the trial the defendant was allowed, against the objections of the plaintiff, to justify the taking of the property under the tax proceedings; and the rulings of the Circuit Judge admitting these proceedings in evidence were excepted to as erroneous. A verdict was found for the defendant, and the judgment entered thereon is brought into this court by writ of error.

*Atkinson Brothers,* for plaintiff in error.

The court erred in admitting proof that the defendant took the property in question to satisfy a tax against John T. Travers. The defendant relies upon section 5,008, C. L. "No replevin shall lie for any property taken by virtue of any warrant for the collection of any tax, assessment or fine, in pursuance of any statute of this State." The warrant in this case was against John T. Travers. Only his property could be taken by virtue of it.

The statute amounts to no more than the common law principle, that property in the hands of the law cannot be replevied.—*See O'Reiley v. Good, 42 Barb., 521; Bacon's Abridgement Replevin C.* But it was always held that property was in the hands of the law only as to the person against whom the process ran.—*Clark v. Skinner, 20 John. 466.* An officer can only be protected by process

when he acts in obedience to it. In this case the defendant had no warrant against the plaintiff, and when he took her property was acting entirely without process.

*W. T. Mitchell*, for defendant in error.

The main point in this case, is, whether the plaintiff, admitting her to be the bona-fide owner of the horse, could maintain this action of replevin. We submit that it makes no difference against whom the tax was assessed, nor whose property was taken. The owner cannot maintain this action. The right and title to property taken for taxes, cannot be controverted by action of replevin. The owner is compelled, if his property is wrongfully taken, to resort to other remedies.

The plaintiff, whether the owner or not, could not truthfully make the necessary affidavit to entitle the writ to execution. But having made such an affidavit, whenever it appeared that the property was taken by virtue of a warrant, for the collection of a tax, assessment or fine, etc., the Court was bound to give judgment for the defendant. *Comp. Laws*, § *5,008*.

No question in this case is made as to the regularity of the tax, and warrant for its collection.

There is a broad distinction between the section of the statute quoted, and the one permitting replevin for property exempt from execution. The form of the affidavit clearly indicates the distinction. § *5,011*.

In the case of execution or attachment, it must be against the plaintiff. In the case of tax, assessment or fine, against any one, levied by virtue of any law of this State, the tax, only, must be levied by virtue of law. The seizure is not required to be by virtue of law, but under the warrant simply, and if the officer, by chance, makes a mistake in the ownership of the property seized, the owner cannot maintain replevin.

These statutes are all mandatory, and must be strictly

pursued, even though the property replevied cannot by possibility be seized for a tax, or taken on an execution or attachment. *Phœnix v. Clark,* 2 *Mich.* 327.

Replevin will not lie for property taken, by virtue of a warrant, for the collection of any tax assessment, or fine, in pursuance of any statute of this State.—*People ex rel. Groat et al. v. Albany C. P.,* 7 *Wendell, 485.* The same doctrine is held in Pennsylvania:—*Polls v. Oldwine,* 7 *Watts, 173.* And substantially the same in New Hampshire.—*Brocket v. Whidden,* 3 *N. H. 17.*

GRAVES, J.

The only question in this case is, whether a party whose personal property has been seized on a tax warrant for the taxes of a third person, can maintain replevin.

The plaintiff in error maintains that the statute regulating the jurisdiction and mode of proceeding in this action, denies the remedy in every instance where the taking complained of is, in form, a seizure for taxes, and that the non-existence of any tax against the party claiming the property, furnishes no exception to the rule.

The provision which is supposed sufficient to produce this result is §*5,008 Comp. L.,* which is as follows: "No replevin shall lie for any property taken by virtue of any warrant for the collection of any tax, assessment or fine in pursuance of any statute of this State."

This language is, indeed, very general, but, we think, that a just construction of the section will lead to a different result from that contended for by the plaintiff in error.

The passage in question would seem to have been dictated by a sense of the impolicy and inconvenience of allowing the party, subjected to a fine or charged with a tax, to arrest the proceedings for collection made necessary by his default, and to seize, as his own, under legal process the very property already taken to ensure satisfaction. And we

TRAVERS *v.* INSLEE.

think that it could not have been the purpose of the Legislature to leave it in the power of a collecting officer to seize and hold the property of one, for a tax or fine against another, without any right in the party thus trespassed upon, to regain the identical property so taken.

The remedy by replevin is often the only one of any real value to the party, in consequence of the irresponsibility of the defendant, or the peculiar characteristics of the property in controversy, and we can perceive no satisfactory reason for a denial of this remedy to a person charged with no default, and owing no duty to the public or to individuals.

The position of the defendant in error would pave the way to many serious hardships and abuses. It would favor the seizure of the property of parties innocent of any fault, to satisfy claims against dishonest and delinquent debtors to the public ; and would suggest to collectors the feasibility of making, in an emergency, the whole tax in a given community from the property of a single individual or corporation.

As the statute in question may have full beneficial effect if so construed as only to exclude the remedy from those charged with the tax or fine, or their privies, and since no satisfactory reason is discovered for the broader application insisted on by defendant in error ; and because such an application would tend to produce very mischievous consequences, we think the Legislature must have intended to leave the remedy open to parties in the situation of the plaintiff in error.

The Supreme Court in New York seem to have reached the same result in a recent case under a statute nearly identical with ours, and we think there can be no doubt of its correctness.—*Stockwell v. Vietch, 15 Abbott's Pr. 412.*

The judgment of the Court below is reversed with costs, and a new trial ordered. .

The other Justices concurred.