HENRY HILL v. WALTER WRIGHT.

*Replevin for property taken on tax levy.*

The statutory prohibition against bringing replevin for property taken in satisfaction of a tax levy (Comp. L. § 6729) while it does not cover cases in which the tax is manifestly unlawful on its face, or is levied against a stranger to it, cannot be defeated by a mere claim that the tax is invalid, if it is apparently regular.

Replevin was brought contrary to the statute (Comp. L. § 6729) for property taken under a tax levy.   *Held* proper, on quashing the writ, to give judgment for defendant for the amount of the tax lien.

The Supreme Court need not consider the correctness of the reasons where the conclusion below is correct.

Where a tax levy inflicts an injury cognizable by law, the injured party must seek redress otherwise than by an action of replevin for the property taken.

Error to Shiawassee. Submitted Oct. 5. Decided Oct. 11.

REPLEVIN. Plaintiff brings error. Affirmed.

*Joseph R. McGrath* and *Hugh McCurdy* for appellant.

*McBride & Miner* for appellee.

CAMPBELL, J. Hill replevied certain personal property which had been seized by defendant as a tax collector, for a balance of taxes not paid.

The item objected to was not a specific and separate tax, but a part of a single sum imposed for school taxes. The whole tax assessed against plaintiff for various purposes was $41.42. This included school taxes amounting to $21.27. Plaintiff paid defendant $31.89, and refused to pay any more, on the ground that there had been included in the school taxes of the town an unauthorized sum of which his proportion would be the amount withheld. Thereupon defendant seized the property in question.

The case being tried before a justice was removed to the circuit, where the writ was quashed. Defendant waived a return, and obtained judgment for the amount of the tax balance. Error is alleged on various grounds.

We do not feel disposed to consider these, because the case itself was brought against the direct prohibition of the statute, which forbids replevin " for any property taken by virtue of any warrant for the collection of any tax, assessment, or fine, in pursuance of any statute of this State." Comp. L. § 6729.

It is claimed, however, that this can only mean legal and valid taxes. Such a construction would entirely nullify the statute, for the plaintiff could in any case set up a claim of invalidity and sue out his writ, and postpone the determination of the legality of his action until its trial on the merits. The object of the law is to prevent interference with the

officer collecting taxes in the performance of his duty by a proceeding which would indefinitely postpone the completion of his official action and prevent the speedy realization of public revenues. The statute does not forbid any other lawful action or redress, but it will not lend the aid of the law to prevent the completion of a levy and sale of property by an officer whose process requires him to sell it.

There are, no doubt, as we have held, cases where the tax levy is unlawful on its face, so as to inform the officer that any action he may take will be contrary to law, and unjustifiable. There are also cases where the person whose property is levied on is a stranger to the tax. These cases cannot come within the statute for obvious reasons. They do not even appear to be " in pursuance of any statute." *Le Roy v. E. Saginaw City Railway* 18 Mich. 233; *Travers v. Inslee* 19 Mich. 98.

But in the present case the tax was not on its face open to any objection. It was regular in form and in all respects apparently valid. If there was any infirmity it arose from facts not open to observation, and requiring a considerable search, and the introduction of extrinsic testimony. Even the amount of the excess could only be ascertained by computation from materials not in the officer's hands. He would not have been justified in disregarding process which was valid on its face, and he cannot therefore be made a wrong-doer by refusing to disregard it. No case could possibly arise more plainly within the protection of the statute.

The court below committed no error in giving judgment for the amount of the tax lien. We are not called on to consider the correctness of the reasons given, if the conclusion is right. If the plaintiff has been legally wronged, he must seek redress in some other way than by replevin.

The judgment must be affirmed with costs.

The other Justices concurred.