STEPHEN L. MONROE, SHERMAN A. BOYCE AND NELSON R. HOWLETT v. ANDREW GREENHOE.

*Taxation of Lumber—Partnership.*

1. Lumber that is brought to a railway station for transit merely, and is kept there in piles for convenience of shipment upon grounds that are neither owned nor hired for the purpose, is not taxable at that place as property in storage.

2. A man arranged with a firm that he would buy standing timber and cut, pile and ship it, being paid therefor its cost and a certain sum per thousand; the firm was to sell it, and after paying all expenses was to divide the net proceeds with him equally, and he was to bear half the losses. But he had nothing to do with disposing of it after shipment, and the firm had no control over it before. *Held,* that this arrangement did not amount to a partnership as to the unshipped lumber at least; and the parties concerned could not be taxed as a firm upon such lumber.

Error to Montcalm. (V. II. Smith, J.) April 29.— June 4.

REPLEVIN. Plaintiff brings error. Reversed.

*J. C. FitzGerald* for appellant. It is the hiring of a place of storage that is made a ground for taxation; not merely occupancy: *Huckins v. Boston* 4 Cush. 543; *Loud v. Charlestown* 103 Mass. 278; *Campbell v. Machias* 33 Me. 419; *Desmond v. Machias Port* 48 Me. 478; *Lee v. Templeton* 6 Gray 579.

*Morse, Wilson & Trowbridge* and *Mitchel, Bell & Mc-Garry* for appellee.

CAMPBELL, J. Plaintiffs, who are a firm of partners doing business in Spring Lake, Ottawa county, replevied from defendant certain lumber which he had seized in the town of Evergreen, Montcalm county, for taxes levied on this same lumber, and for similar taxes levied on certain other lumber, which he claimed plaintiffs were bound to pay.

The first tax was levied against plaintiffs by their partnership name upon a large pile of lumber, piled up near a mill owned by J. M. Weatherwax, and previously sawed by him for plaintiffs. This sawing was done under a contract by which Weatherwax was to remove the timber from certain lands described, and to saw and assort it as he should be directed, and cross-pile it on some siding of the Stanton branch of the Detroit, Lansing & Northern Railroad, in a convenient manner to be loaded on the cars, and such as should not be thus cross-piled he agreed to deliver on board of the cars, at his own expense. Plaintiffs did not own or hire the place where the lumber was piled, and did not keep any agent there who had any right to sell it, but made their sales at their office in Spring Lake, except in one or two instances, when special arrangements were made for disposal of small amounts.

So far as this lumber is concerned, we think it is covered by the decision in *Torrent v. Yager* 52 Mich. 506, made at the January term. The statute fixes the usual place of taxation, where, by the general principles of law, personal property is regarded as belonging at the place of residence of the owner, which in partnership cases is declared to be where its principal business is carried on. The exceptions to this, as

explained in that decision, are where the owner or person having control " hires or occupies a store, mill, place for the sale of property, shop, office, mine, storage, manufactory, or warehouse therein, for use in connection with such goods and chattels."

The ground on which this taxation is claimed to be justified is that the plaintiffs owned or occupied a " storage." We do not think it is very important in this case to consider whether the manner of piling up this lumber has any bearing upon the question of storage. That was not the controversy made by the plaintiffs. What they insisted on was that under such an arrangement, which contemplated bringing and piling the lumber for purposes of convenient shipment, the lumber could in no proper sense be regarded as in a place of storage occupied by plaintiffs for use in connection with it.

We think the plaintiffs are right in their claim. It is no part of our legal policy, and the statutes do not favor the idea, that any municipality can properly lay burdens on property brought or placed there for transit. The exceptional taxation referred to is only authorized and justified as a charge on that which is used for purposes of local business, where the owner or some agent occupies premises for business purposes. Such an occupancy as the present does not differ in principle from the deposit of articles on the premises of carriers for carriage. And the fact that in the continued moving and removing process some of the lumber is not at once shipped in the order of its piling, can make no difference in determining the character of the transaction. The plaintiffs are taxable for the property where they reside, and it cannot be taxed elsewhere.

The other property was not taxed to plaintiffs, but to " Weatherwax, Monroe, Boyce & Co." Mr. Weatherwax paid half of the tax, and all of the highway tax, and defendant claimed to collect the rest of plaintiffs. There is no proof of the existence of any such partnership as Weatherwax, Monroe, Boyce & Co., and the testimony is undisputed to the contrary. If there had been, it is not very clear how

Weatherwax could be authorized to be dealt with separately for a portion of the tax. But the defendant claims that there was what in law amounted to a partnership in the lumber in question, and that this partnership resided at Evergreen.

The arrangement between the parties was this: Mr. Weatherwax agreed to buy a tract of timber himself, cut and saw the lumber, pile it, and put it on board the cars, for all which he was to have the cost of the timber, and four dollars and a half per thousand besides. Monroe, Boyce & Co. were to sell the lumber, and have half of the proceeds after paying Weatherwax and such further expenses as might be incurred, he to have also one-half of such net proceeds, and bear half of the losses if any occurred.

We do not think this agreement made any partnership in the proper sense of the term, except, possibly, in such lumber as was actually loaded on the cars, and there are difficulties in the way of holding even that. After shipment, Weatherwax had no voice in disposing of the lumber. Before shipment, Monroe, Boyce & Co. had no control over it. If Weatherwax had not bought the timber, or having bought it had not sawed it, or having sawed it had made some other disposition of it, he would have violated his contract; but it would be difficult to say that the lumber belonged to any one else before shipment. And as the firm of Monroe, Boyce & Co. were to make all further disposition of the lumber so shipped, and were by the agreement to deal only with the lumber in that condition, we can see no reason which would justify us in saying that there was any such firm as that taxed, doing business at Evergreen, or any such firm having partnership powers anywhere. Monroe, Boyce & Co. could not, we think, be liable for these taxes.

The court should have ordered judgment for the plaintiffs, instead of for the defendant.

The judgment must be reversed and a new trial granted.

The other Justices concurred.