THE TOWNSHIP OF PORT HURON v. LEWIS POTTS.

*Personal taxes—Action by town treasurer to collect.*

1. A town treasurer has no authority to bring suit for the collection of a personal tax under section 35 of Act No. 153, Laws of 1885, *after* his authority to enforce its collection under his original or supplemental warrant has expired, and such suit can only be resorted to when the person assessed has no property that can be reached under said warrants, or when he resides beyond the treasurer's jurisdiction.

2. The authority of the county treasurer to issue a supplemental warrant to a town treasurer for the collection of personal taxes, under section 47 of Act No. 153, Laws of 1885, can only be exercised upon the town treasurer filing with the county treasurer the verified statement provided for by section 44 of said act, which must conform in all respects to the statutory requirements.

Error to St. Clair. (Canfield, J.) Argued October 30, 1889. Decided December 28, 1889.

*Assumpsit* for collection of taxes. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Chadwick & Wood*, for appellant.

*Frank Whipple*, for defendant.

SHERWOOD, C. J. Suit in this case was brought by the township to recover of the defendant a tax assessed against him upon personal property in the town of Port Huron for the year 1886. The defendant removed from the township to the city of Port Huron in the month of May in that year. Plaintiff bases its action upon the statute of 1885. See Laws of 1885, p. 175.

The tax roll of the township was placed in the hands of the treasurer for collection, December 1, 1886, and remained in his hands until March 12, 1887, as appears by his return to the county treasurer. This suit was commenced May 24, 1887, over two months after the tax roll had passed out of the hands of the town treasurer, at a time when his authority to act by virtue of his warrant had expired.

It is the town treasurer who is authorized to bring suit for a personal tax, and he can only do so at such times as he is authorized to make the collection. Section 35, Laws of 1885, pp. 186, 187. When this suit was brought he was not authorized to make such collection either by warrant of the supervisor, or by any action of the board of supervisors, or by the county treasurer. Sections 27, 47, Laws of 1885, pp. 185, 190. It is only when the tax on personal property cannot be otherwise collected that the treasurer is authorized to bring suit therefor against the owner thereof. He then may bring suit in the name of the township, and garnishee the debtor of the delinquent tax-payer. See Laws of 1885, § 35. The warrant is sufficient to enable the treasurer to make his collection, if property is within his jurisdiction of the person assessed, and suit cannot be resorted to except the delinquent has no property that can be reached

by the collector's warrant, or he resides beyond the treasurer's jurisdiction. See section 36, Laws of 1885, p. 187.

The warrant given by the county treasurer was without authority. The return made by the township treasurer did not contain the proper affidavit, as required by section 44 of the law. All the facts required by this section should appear in the return of the township treasurer, and be verified by him. It is this return upon which alone the county treasurer can act. In this case it does not contain a statement of all moneys collected by him on account of taxes, nor that the sums returned as uncollected remain unpaid, nor a statement of his inability to find any goods or chattels out of which to make the tax, nor that the amount of moneys collected is truly stated. It will be noticed by an inspection of section 44 of the law of 1885 that all of these things should be stated. Here is the provision referred to:

"The township treasurer shall also make a statement showing the taxes upon personal property remaining unpaid, the names of the persons against whom assessed, and the amount against each; and in such statement shall set forth the amount of all moneys collected by him on account of taxes, which statement shall be verified by the affidavit of such treasurer, in which he shall state, in substance, that the sums mentioned in such statement as uncollected remain unpaid; that he has not, upon diligent inquiry, been able to discover any goods or chattels belonging to the person liable to pay such sums whereupon he could levy the same; and that the amount of moneys collected by him upon such tax roll is truly stated therein."

There was a clear failure to comply with the statute, and the judgment must be affirmed.

The other Justices concurred.