106  223
s 112  601

TOWNSHIP OF BANGOR *v.* SMITH TRANSPORTATION CO.

PERSONAL TAXES—SUIT FOR COLLECTION—VALIDITY OF WARRANT.
Where the township treasurer has failed to make a return of unpaid personal taxes, as required by section 55 of Act No. 206, Pub. Acts 1893, a warrant issued by the county-treasurer for their collection under section 56 of the act is void, and no action can be maintained by the township to recover the same, although they were regularly assessed, and payment had been promised.

Error to Bay; Maxwell, J.  Submitted June 5, 1895. Decided July 9, 1895.

*Assumpsit* by the township of Bangor against the Smith Transportation Company for a tax assessed on personal property. From a judgment for plaintiff, defendant brings error. Reversed.

*Simonson, Gillett & Courtright,* for appellant.

*T. A. E. & J. C. Weadock,* for appellee.

LONG, J.  This is an action in *assumpsit* brought by the township of Bangor in Bay county, and prosecuted by the treasurer of the township, for the purpose of collecting a personal tax assessed upon the tax roll of the township for the year 1893. The amount of the tax was $223.21, for which a judgment was rendered upon the verdict of the jury under the direction of the court.

The declaration has a special count, alleging the corporate capacity of both parties; that the principal office of the defendant corporation was in the township of Bangor; that it was possessed of personal property of the value of $13,000 and upwards; that an assessment was made on account of such personal property upon the tax roll of said township for the year 1893; that the tax roll was approved by the board of review at its regular ses-

sion after lawful notice; that these taxes were lawfully levied; that a demand was made for their payment, which was promised upon the part of the defendant, and which it neglected to make. The declaration also contains the common counts. The plea is the general issue.

Upon the trial of the case, it was admitted that the assessment roll for the township of Bangor for the year 1893 was regular in all respects; that upon it there appeared an assessment against the defendant on account of personal property valued at $13,000, upon which certain taxes had been levied, aggregating $223.21; that Charles J. Smith, secretary and treasurer of the defendant company, at a time when demand was made upon him for the tax, promised that he would pay the same at a time agreed upon, which promise was not kept.

The tax was assessed under Act No. 206, Pub. Acts 1893. Section 55 of this act provides that if the treasurer is unable to collect any of the taxes on his roll, assessed on real property, he shall make a statement of the same, with the name of the owner, a description of the land, etc. It also provides:

"The said treasurer or collector shall also make a statement showing the taxes upon personal property remaining unpaid, and the names of the persons against whom assessed, and the amount against each, and in such statement shall set forth the amount of all moneys collected by him on account of taxes, which statement shall be verified by the affidavit of such treasurer, in which he shall state, in substance, that the sums mentioned in such statement as uncollected remain unpaid; that he has not, upon diligent inquiry, been able to discover any goods or chattels belonging to the person liable to pay such sums whereupon he could levy the same; and that the amount of moneys collected by him upon such tax roll is truly stated therein."

It is not contended but that the tax was valid in all respects, or that the town treasurer had not proceeded to discharge every duty in relation thereto, except that he had not made the statement required by the above provision of the statute, and filed the same with the county

treasurer.  The claim is that, because the town treasurer failed  to make this statement of  uncollected  personal taxes, there was no authority for the county treasurer to issue his warrant to the town treasurer to collect them, and that no suit could be maintained against the defendant for their payment.

This same provision of the statute is found in section 44, Act No. 153, Pub. Acts 1885.  Under that act the cases of *Township of Port Huron* v. *Potts,* 78 Mich. 435, and *City of Muskegon* v. *S. K. Martin Lumber Co.,* 86 Mich. 625, arose.  These cases were brought to recover for personal taxes, and the same question arose as here.  It was held in each that no recovery could be had by the township, for the reason that no return had been made by the treasurer as provided by section 44 of that act.  We are unable to distinguish this case from those.

Judgment must be reversed, and a new trial ordered.

The other Justices concurred.