NORTHWESTERN COOPERAGE & LUMBER CO. *v.* SCOTT.

123    357
126    653
123    357
s82NW   76

1. TAXATION—PROPERTY SEIZED ON WARRANT—REPLEVIN.

    The failure of the township treasurer to make a verified return of uncollected personal taxes, required by section 55 of the tax law of 1893 as a basis for the issuance by the county treasurer of a warrant for their collection, while sufficient to defeat an action at law to recover the tax, will not, of itself, in view of 3 Comp. Laws 1897, § 10651, providing that replevin shall not lie for property taken by virtue of a warrant for the collection of any tax, authorize the maintenance of replevin for property seized under a warrant fair on its face.

2. SAME—PRIVIES.

    Under section 40 of the tax law of 1893, providing that personal taxes shall be a lien on all personal property of the person assessed from and after the 1st day of December, and shall take precedence of any subsequent sale thereof, except where made in the regular course of trade; and 3 Comp. Laws 1897, § 10651, providing that replevin shall not lie for property taken by virtue of a warrant for the collection of any tax,— one who purchases chattels after the date mentioned cannot maintain replevin therefor against a tax collector who has seized them under a warrant, fair on its face, directed against the vendor.

Error to Iron; Stone, J.   Submitted January 12, 1900. Decided March 13, 1900.

Replevin by the Northwestern Cooperage & Lumber

Company against Edward Scott.    From a judgment for plaintiff, defendant brings error.    Reversed.

*Fred H. Abbott*, for appellant.

*Cook & Pelham*, for appellee.

MONTGOMERY, C. J.   In the year 1898 personal taxes amounting to $291.28 were assessed against the Buckeye Stave Company in the township of Iron River, Iron county.   On the 1st of December, 1898, the Buckeye Stave Company was the owner of two horses, and on the 15th of December, 1898, it acquired two more.   The horses were sold to the plaintiff by the Buckeye Stave Company in June, 1899.   The defendant in August, 1899, seized these four horses by virtue of a tax warrant issued by the county treasurer, commanding the collection of this tax so assessed against the Buckeye Stave Company.   The plaintiff recovered, and defendant brings error.

The circuit judge ruled out the tax warrant, on the admission of defendant's counsel that no sworn return had been made to the county treasurer as required by section 55 of the tax law of 1893; holding that such a return was jurisdictional.   Unquestionably, such a return would be essential in an action by the treasurer or municipality. *Township of Port Huron* v. *Potts*, 78 Mich. 437 (44 N. W. 289 ).   But the question here presented is whether replevin lies against the treasurer for property seized by virtue of a warrant fair on its face, where it appears that the property seized is subject to seizure on such process if valid.   We think that this question must be answered in the negative.   The statute (section 10651, 3 Comp. Laws 1897) reads, "No replevin shall lie for any property taken by virtue of any warrant for the collection of any tax, assessment, or fine in pursuance of any statute of this State."   It is true, it has been held that this statute does not prohibit replevin where the alleged tax could not by any legal possibility have been levied ( *Le Roy* v. *Railway Co.*, 18 Mich. 233), or when the property seized is that

of a stranger to the tax (*Travers* v. *Inslee*, 19 Mich. 98; *Tousey* v. *Post*, 91 Mich. 631 [52 N. W. 57]). In either of these cases the officer, who is bound to know the law, knows the limits of the authority conferred by the warrant. But in a case where a warrant on its face is valid, and the party against whom the officer proceeds is the one against whom the warrant is directed, or his privy, the rule is different. To permit replevin in such a case is to render the statute nugatory. *Hill* v. *Wright*, 49 Mich. 229 (13 N. W. 528); *Hood* v. *Judkins*, 61 Mich. 575 (28 N. W. 689); *Hill* v. *Graham*, 72 Mich. 659 (40 N. W. 779). See, also, *Curtiss* v. *Witt*, 110 Mich. 131 (67 N. W. 1106); *West Michigan Lumber Co.* v. *Dean*, 73 Mich. 463 (41 N. W. 504). The language of the court in *Hood* v. *Judkins*, *supra*, is applicable here:

"It is also objected that the defendant was permitted to introduce in evidence the warrant of the county treasurer, without a showing that a return had been made by the township treasurer, stating the taxes remaining unpaid upon personal property, as required by section 44 of the act. There is no foundation for this objection. The property in question was held, at the time it was taken upon the writ of replevin, by virtue of the tax roll and the warrant thereto annexed. There was no claim upon the part of plaintiffs that this tax had been paid by them, or by any one for them, and therefore it could not concern them in this case whether any such statement had been made or not."

By the terms of section 40 of the tax law of 1893, a lien to the amount of the tax is created upon the personal property of the person assessed, from and after the 1st day of December. The plaintiff was therefore a privy to the Buckeye Stave Company.

Judgment reversed, and new trial ordered.

The other Justices concurred.