MICHIGAN LAKE SUPERIOR POWER CO. *v.* ATWOOD.

1. REPLEVIN—PROPERTY SEIZED UNDER TAX WARRANT.
    Under 3 Comp. Laws 1897, § 10651, forbidding replevin for property seized under a tax warrant, the failure of a collecting officer to verify his return of delinquent taxes, required by statute as the basis for their reassessment, will not authorize replevin for property taken to satisfy the reassessed tax.

2. TAXES — COLLECTION — DISTRESS AND SALE — SPECIAL ASSESSMENTS.
    Under a city charter providing that lands returned delinquent for special assessments shall be reassessed on the general roll, the amount of such special assessment to be placed in a separate column, and the total tax carried out in the last column of the roll, the statutory remedy by distress and sale, under the warrant attached to the roll, is available as to the special tax as well as the general taxes; and this notwithstanding the owner of the lands at the time of the reassessment did not own them when the original proceeding was taken.

Case made from Chippewa; Steere, J. Submitted March 8, 1901. Decided May 21, 1901.

Replevin by the Michigan Lake Superior Power Company against Frank B. Atwood, treasurer of the city of Sault Ste. Marie, to recover property seized under a tax warrant. There was a judgment for plaintiff, and defendant assigns error. Reversed.

*John W. Shine,* for appellant.

*Oren & Webster* (*George A. Cady,* of counsel), for appellee.

HOOKER, J. The plaintiff is a corporation organized for the purpose of constructing an hydraulic canal in the city of Sault Ste. Marie, and the defendant is the treasurer

of said city. The action is replevin for two locomotives seized by the defendant under his tax warrant attached to the general tax roll of the city for the year 1899; and the plaintiff claimed upon the trial, and the circuit judge found, that the warrant conferred no authority to seize property for the assessment in question. The defendant has assigned error.

In the year 1896 a special assessment roll was made, to cover the cost of a sewer constructed in 1895, and included various parcels of land owned by different persons, none of which were then owned by the plaintiff, or by Mr. Douglas, who afterwards took title to some of them in trust for plaintiff. The greater part of the sum assessed was not paid, and in September, 1897, the common council determined that the roll was invalid for certain reasons, and a new roll was ordered. This was made in 1898, and it was approved by the board of review in December of that year, and placed in the hands of the treasurer for collection. In November, 1899, the roll was returned to the city comptroller, who spread the uncollected sewer tax taken from this special roll upon the general tax roll of the city for the year 1899, acting under section 9 of chapter 21 of the charter (Act No. 374, Local Acts 1889), hereinafter quoted. The sworn statement required by section 9 was not filed with the comptroller.

The plaintiff came into existence as a corporation in 1898. Douglas was its promotor and president, and took title to the lands in question, in trust for the company, subsequent to the making of the first special assessment roll, but whether before or after its organization does not clearly appear; but all the parcels were formally conveyed by him to the plaintiff on May 29, 1899, upon a nominal consideration. The finding shows that, of the 17 parcels of land, only one was assessed to the plaintiff on the special roll of 1898, though others were assessed to Douglas, its trustee. The plaintiff paid the other taxes, but did not pay these assessments.

The failure of the treasurer to make oath to the state-

ment of unpaid taxes was an irregularity, which is not available in an action of replevin, because the statute forbids that remedy when property is seized for the collection of a tax in obedience to the command of a valid tax warrant. See *Northwestern Cooperage & Lumber Co.* v. *Scott*, 123 Mich. 357 (82 N. W. 76), and cases cited.

Plaintiff asserts broadly that this portion of the tax appearing upon the general assessment roll cannot be lawfully collected by the distraint and sale of its personal property, and that, unless voluntarily paid, the only method of collection permitted by law is by a return of the same as delinquent, and sale of the lands. This must depend upon the provisions of the charter. It is undeniable that the charter confers the power of distraining the property of the owner of lands to pay a special assessment upon said lands appearing upon a special assessment roll against him, and this does not depend upon his having been the owner at the time the improvement was determined upon or made. If it *did*, the collector would have no means of knowing whether or not the ownership had changed. He would be justified by his warrant in distraining the property of the person charged with the tax upon his roll. This is also true in case of a reassessment, or when the uncollected assessment is carried upon the general roll. The warrant authorizes the collector to collect the tax, as mentioned in the last column of the general roll, by distress against the property of the apparent owner of the property taxed, as shown by the roll, and unless the law (which he must be presumed to know and understand) applies only to the current tax, and not to items of special assessment brought to and put upon the general roll from an uncollected special roll, he may distrain for both. Counsel seem to recognize this, and plant their case upon the claim that the charter should be construed as limiting the right to distrain personal property to the period of 60 days under the warrant attached to the special roll, and that the warrant upon the general tax roll gives no such authority as to the special assessments ap-

pearing there in a separate column as prescribed by law. Section 9 of chapter 21 and section 13 of chapter 24 of the charter must determine this question. They are as follows:

"Sec. 9. On the first Monday of June and the first Monday of November in each year, the treasurer shall return to the comptroller any and all special assessment rolls remaining in his hands, the time of returning for which shall have expired, together with a statement on oath of the parcel or parcels upon which the amounts assessed have not been paid." Act No. 374, Local Acts 1889.

"Sec. 13. Upon the equalizing of the said assessment roll by the board of supervisors of Chippewa county, the comptroller shall proceed to assess the taxes apportioned to the said city according to and in proportion to the valuation entered by the board of review in the assessment roll of the city for the year. * * * He shall further assess and levy in the same roll, in a separate column or columns headed 'Special Assessments,' upon the land, property, and persons chargeable therewith, all special assessments returned as delinquent by the city treasurer and remaining unpaid. * * * The total of all taxes assessed against any one valuation or parcel of property shall be footed up and carried out in the last column on the right-hand side of such roll. All the taxes there assessed shall become at once a debt to the city from the persons to whom they are assessed." Act No. 346, Local Acts 1891.

The latter section explicitly requires the inclusion of the special assessment in the footing contained in the last column on the right-hand side of the roll, and clearly makes *all* a debt to the city *from the person assessed*. The following section authorizes a levy by distress and sale of the tax assessed, under the warrant, which commands the treasurer to collect the several sums mentioned in the last column of the roll.

We have, then, a case where the treasurer, in obedience to his warrant, has seized property for the collection of the amount remaining due of the aggregate of taxes as shown by the last column of his roll. This the law ex-

plicitly authorizes, as we have seen, and it as explicitly requires the contested item to be included in the aggregate contained in the last column.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.