TOWNSHIP OF DEEP RIVER *v.* VAN ANTWERP.

1. TAXATION—PERSONAL TAX—ACTIONS—AFFIDAVIT.

    In a suit to collect a personal tax where defendant claimed that the township treasurer had omitted to file the affidavit and statement required by 1 Comp. Laws, § 3878, 1 How. Stat. (2d Ed.) § 1823, but there was testimony disputing the contention, the issue was one of fact for the jury.

2. SAME—RESIDENCE.

    Upon the question of the weight of evidence as to defendant's place of residence, *held*, that a new trial was properly denied.

3. TRIAL—ARGUMENT.

> Appellant can only review error resulting from alleged improper argument if a ruling of the court is obtained; and in case the court interposes and corrects the improper statement so as to remove any injurious effects from the minds of the jurors, the error is not prejudicial.

Error to Arenac; Sharpe, J. Submitted June 10, 1912. (Docket No. 65.) Decided March 20, 1913.

Assumpsit by the township of Deep River against Philip W. Van Antwerp for unpaid taxes on personal property. Judgment for plaintiff. Defendant brings error. Affirmed.

*S. E. Hayes,* for appellant.

*B. J. Henderson,* for appellee.

BIRD, J. This suit in assumpsit was brought to recover the amount of a tax upon personal property assessed against the defendant in the township of Deep River, Arenac county, for the year 1910. The jury returned a verdict for $441, the full amount of the tax. A new trial having been applied for and denied, the defendant assigns error in this court.

(1) It is urged that the trial court was without jurisdiction to render the judgment because of the failure of the township treasurer to file with the county treasurer the statement and affidavit required by the tax law (1 Comp. Laws, § 3878, 1 How. Stat. [2d Ed.] § 1823), before commencing suit. It is claimed that this failure is shown on the face of the proceedings; and that the trial court was in error in refusing to dismiss the case upon defendant's request. Counsel is undoubtedly correct in his contention that the filing of the verified statement is necessary in such a case to confer jurisdiction (*Township of Port Huron* v. *Potts,* 78 Mich. 435 [44 N. W. 289]; *Northwestern, etc., Lumber Co.* v. *Scott,* 123 Mich. 357 [82 N. W. 76]), but we think he is in error as to what the record

shows. The testimony of the deputy county treasurer and his own tended to establish the fact that the verified statement was not on file when the suit was commenced. The testimony of the township treasurer, taken in connection with the date the statement was verified and filed and the date of the warrant, made the question one of fact. The trial court so viewed it and submitted the question to the jury, and their determination must be taken as final on the question of jurisdiction.

(2) Complaint is made that the finding of the jury on the question of residence was against the weight of the evidence. The defendant testified that he was not a resident of plaintiff township in 1910, and had not been for ten years prior thereto; that in 1900 he sold his mercantile business in the village of Sterling, in that township, and moved his personal property to St. Clair township, in St. Clair county, and that he was assessed on his personal property in 1910 in St. Clair; and that he voted there in the spring of 1910. In opposition to this it was shown that the defendant owned a house in Sterling, and that it was occupied a portion of the year by himself and wife; that for several years they had spent some part of the time with their married daughter in St. Clair. It was shown by the election records that he had voted in plaintiff township as late as the fall of 1908; and it was further shown that he had been assessed and had paid taxes on his personalty for several years without protest. It further appeared that defendant's business interests were mostly in Deep River township. There were other bits of evidence bearing on the question of residence which, taken in connection with those herein given, clearly made it a question of fact for the jury. If the jury believed the evidence offered by the township, they were justified in reaching the conclusion which they did.

(3) Further complaint is made because of certain statements made by counsel for plaintiff in his address to the jury. Exceptions were taken in each instance, but on

only one did the trial court make a ruling; therefore this is the only one that is properly before the court for review. *Bates* v. *Kitchel*, 166 Mich. 695 (132 N. W. 459). This statement was, "He has mortgages in that township." The trial court at once corrected the statement, and suggested "that it ought not to have been made." If it can be said that it was an improper statement, the action of the trial court counteracted any injurious effect which it might have had in the minds of the jurors.

There appearing to be no reversible error in the record, the judgment of the trial court will be affirmed.

STEERE, C. J., and MOORE, McALVAY, BROOKE, STONE, and OSTRANDER, JJ., concurred.