SAMUEL T. LOCKWOOD

*v.*

WILLIAM T. JOHNSON, Collector.

*Filed at Ottawa March 29, 1883.*

TAXATION—*duty of agent to list property in his hands—duty of the assessor if the agent omit to do so.* It is the duty of one having property of manufacturers and *others* in his hands, as agent, on the first day of May, to list the same in his own name, as merchandise, in the town where he carries on such business. If he neglects to do so on request, the assessor is required to ascertain the amount and value of such · property, and assess the same in such agent's name, and the failure of the assessor to add the words "as agent," after such person's name on the assessor's books, will not invalidate the assessment.

APPEAL from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

Lockwood resided in the town of West Chicago, and under the style of S. T. Lockwood & Co., carried on business in the town of South Chicago of a commission merchant,—that is, of receiving consignments of goods from divers manufacturers, and storing and selling the same on commission. On the 1st of May, 1880, he had in his possession at his store in the town of South Chicago, as the agent of more than twenty different consignors residing without the State of Illinois, merchandise belonging to them, of the aggregate value of at least $3000, which he was to sell for them. The assessor of the town in which this place of business was, called on Lockwood at his store, and left a blank, in the usual form required by law, to be filled up by him, with a statement of personal property for taxation. Lockwood told the assessor that he resided in the town of West Chicago, where he paid his personal taxes, and that the goods and merchandise at this store were held by him simply on consignment. The

assessor went away, leaving the blank, without saying what he would do about making an assessment of this property. Lockwood paid no further attention to the assessor's demand for a listing of this property. He did not give the names of the respective owners of the property. The assessor listed this property as the property of S. T. Lockwood & Co., and valued the same at $3000, and on this valuation a tax was extended in the ordinary mode. ' This is a bill in chancery, brought by Lockwood, to enjoin the county collector (into whose hands this tax came for collection) from proceeding to collect the same from Lockwood out of his private property. The circuit court, on hearing, dismissed the bill.

Messrs. Sleeper & Whiton, for the appellant.

Mr. Consider H. Willett, for the appellee.

Mr. Justice Dickey delivered the opinion of the Court:

We find no cause to disturb the decree of the circuit court. Lockwood was in possession of the property, apparently as owner. The property was a proper subject of assessment and taxation in the town of South Chicago. Section 6 of the Revenue act, (clause 10,) says: "The property of manufacturers and *others*, in the hands of agents, shall be listed *by* and *in the name* of such agent, as merchandise." By section 83, the assessor, where he fails to get a list of personal property from the person required by law to list the same, is required to ascertain the amount and value of the property, and assess the same. The assessor failing to get this property listed by the agent, proceeded to list and assess the same. He listed it in the name of the agent, assumed by him for this business, which was S. T. Lockwood & Co.

It is insisted that this assessment is invalid because the assessor did not enter upon his books the words "as agent,"

or some other phrase showing that it was the property of some person or persons other than the agent. We find no statute requiring this. It is to be listed "in the name of the agent." This assessment is so made. It is said, however, that section 256 provides a lien on the property in favor of the agent when property is assessed "to any person *as agent* of another," and, by implication, requires that the agency must appear on the face of the assessor's books, and this for the protection of the agent. Without inquiring whether such lien be or not dependent upon such an entry on the face of the assessment, it is sufficient to say that it was the duty of Lockwood to have listed this property with the assessor of the town of South Chicago, in his own name. He neglected to do so. The assessor, as he was required, undertook to make the list and assessment by the best lights he had. If he failed in the mode,—in a matter which, if directed by statute, is so directed merely *to give the agent better means of avail-* ing himself of his lien,—the agent can not complain of this failure. Had he done his duty no mistake of this kind (if mistake it is) could have occurred. The property was subject to assessment and taxation in the town of South Chicago, where the agent had his place of business, and to be listed in the name of the agent, and the mere fact that the words, "as agent," are not added, can not invalidate the assessment. It was clearly the purpose of the statute to make the agent liable for the tax, else no lien would have been given the agent for his protection.

The decree of the circuit court is therefore affirmed.

*Decree affirmed.*