JONATHAN BOYCE v. SAMUEL H. STEVENS.

86  549
117  487

*Taxes—Personal property—Return of township treasurer—Warrant—Replevin—Judgment.*

1. The Court fail to see how the failure of a township treasurer to set forth in his return of unpaid taxes on personal property, pursuant to section 44 of Act No. 153, Laws of 1885, "the amount of all moneys collected by him on account of taxes," and to state "that the amount of moneys collected by him upon such tax roll is truly stated," can prejudice the tax-payer, or, under section 89 of the same act, render the return insufficient to authorize the county treasurer to issue a warrant for the collection of such tax.

2. Replevin will not lie for property seized by a tax collector, under a tax roll and warrant fair upon their face, to satisfy a *legal* tax, even though the defendant claims also to hold the property by virtue of a county treasurer's warrant for the collection of a *valid* personal property tax, the issuance of which was not authorized by a proper return by the township treasurer; and in such a case the defendant, on waiving a return of the property, may take a judgment for the *entire* tax.

Error to Muskegon. (Dickerman, J.) Argued June 10, 1891. Decided July 28, 1891.

Replevin. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*F. W. Cook,* for appellant, contended:

1. The authority vested in the county treasurer to issue the warrant is purely statutory, and, following the authority of Cooley, Tax'n, 454, must contain a statement of all the facts required by the statute; citing *Phenix v. Clark,* 2 Mich. 328; *Dickison v. Reynolds,* 48 Id. 158; *Hurd v. Raymond,* 50 Id. 369; *Sinclair v. Learned,* 51 Id. 335; *Gilchrist v. Dean,* 55 Id. 244.

*DeLong & O'Hara,* for defendant.

MORSE, J. This is an action of replevin, brought to recover possession of two piles of lumber taken by the treasurer of the city of Muskegon under a tax roll and warrant for the year 1889, upon which he claimed there was due from the plaintiff, for taxes, interest, costs, and fees, the sum of $232.66. This tax is now conceded by plaintiff's counsel to be correct. The defendant also claimed to take and hold the property under a delinquent tax warrant issued March 5, 1889, by the treasurer of Muskegon county, based on the return of delinquent taxes from the township of Lakeside on the tax roll of 1888, under which warrant the defendant claimed $864.98. The township of Lakeside was annexed to and became part of the city of Muskegon by an act of the Legislature dated March 5, 1889, which act took immediate effect.

The court directed a verdict for the defendant for the full amount claimed upon both warrants, he having waived a return of the property. The plaintiff disputes the validity of the Lakeside tax, and asks a reduction of

the judgment to the sum of $232.66, the amount of the city tax.

The counsel for plaintiff attacks the warrant of the county treasurer, and claims that the affidavit to the return of the township treasurer of Lakeside is defective, in that it fails to state "the amount of all moneys collected by him on account of taxes," in conformity to section 44 of Act No. 153, Laws of 1885, and that the amount of moneys so collected by him upon such tax roll is truly stated. An inspection of the affidavit shows that it is in conformity with the statute, except in the respect claimed.

The plaintiff relies upon the case of *Township of Pt. Huron v. Potts*, 78 Mich. 435; but in that case not only was this part of the affidavit omitted, but it contained no statement that the sums returned as uncollected remained unpaid, nor that the collector was unable to find any goods or chattels out of which to make the tax. These last two omissions were vital, and concerned the plaintiff, whose tax was returned as uncollected. It failed to show on oath that he had failed to pay the tax, or that the treasurer had been unable to collect it. In the present case these facts were shown.

I fail to see how the omission in this case to state the whole amount of moneys collected by the treasurer, and that the same was truly stated, could prejudice the plaintiff, or why it concerned him in any way. His counsel in his brief says:

"Just why this is required I am unable to discover; but I submit it is sufficient that the Legislature saw fit to make the distinction [in the facts to be stated in a return of real and personal delinquent tax]; and as the Legislature had the power to determine what facts should be stated, and have so determined, this Court is bound by that legislative determination."

But the same Legislature, in section 89 of the same act,

provided that no tax shall be held invalid on account of any irregularity in the assessment, or on account of any assessment or tax roll not having been made or proceedings had within the time required by law, or on account of any other irregularity, informality, or omission, or want of any matter of form or substance, in any proceeding, that does not prejudice the rights of the person whose property is taxed. In this case the record shows that the property of plaintiff was legally assessable for the year 1888 in the township of Lakeside, and that the tax has not been paid. There is no attempt to show that the tax was illegal or unjust. Indeed, it is stipulated in the case that the property assessed to him was owned by him in the township of Lakeside.

But whether the return of delinquent taxes was sufficient to authorize the issuing of the county treasurer's warrant or not, the plaintiff has no standing in court to question this judgment. In order to maintain replevin, he was obliged to make affidavit, which he did, that the property replevined had not been taken from him for any tax assessment. But when he comes into court he admits that the city tax is legal, and that judgment for that amount ought to pass against him, thereby confessing that he had no right to plant the suit in replevin.

It is argued, however, that because the defendant chose to take a judgment for the amount of the tax liens, he cannot recover for the Lakeside tax. But we think differently. Plaintiff stipulates as follows:

"'That on the second Monday of April, 1888, the plaintiff was the owner of the property assessed to him in the township of Lakeside, in Muskegon county, that year."

This conceded the validity of the tax, and under the statute such tax became at once a debt from plaintiff to

the township of Lakeside; and section 26 of the act provides that—

"All personal taxes shall also be a lien on all personal property of such persons so assessed from and after the first day of December in each year, and shall take precedence of any sale, assignment of, or chattel mortgage, levy, or lien on, such personal property, executed or made after said first day of December, except where such property is sold in the regular course of trade."

The township of Lakeside had a lien upon all the personal property of plaintiff for this tax from the 1st day of December, 1888. By the annexation of Lakeside to the city of Muskegon, the debt became a debt to that city, and the lien also accrued to the city. Stevens took this property as the agent of the city, and he is the only authorized agent to collect the tax. It was therefore proper for him, having taken possession of the property upon which the lien existed, to take judgment for the amount of the tax. The plaintiff cannot complain. He has only been compelled to pay a just tax, and the costs of the suit are not increased, as judgment must have passed against him in any event.

It is not the policy of the law that persons shall escape just taxation for mere irregularities and informalities in the proceedings which do not in any way prejudice or affect their rights; nor that such persons shall be allowed to bring action of replevin to harass and delay the collection of such taxes. The plaintiff has lost nothing that belonged to him, and must remain content.

The judgment is affirmed, with costs.

CHAMPLIN, C. J., LONG and GRANT, JJ., concurred. McGRATH, J., did not sit.