## ANSON SCOTT v. ELMER B. WHELAN.

*Replevin—Taxes.*

Where, after the conveyance by a father to his son of a portion of an unoccupied piece of land, the entire land is assessed to the father, who holds the record title, as one parcel, he cannot maintain replevin for property seized to satisfy the entire tax, on the refusal of the treasurer to accept a tender of his proportionate share.[1]

Case made from Eaton.    (Hooker, J.)    Submitted on briefs June 29, 1893.    Decided July 26, 1893.

Replevin.    Plaintiff assigns error.    Affirmed.    The facts are stated in the opinion.

*Garry C. Fox,* for appellant.

*Huggett & Smith,* for defendant.

McGRATH, J. This is replevin for personal property seized by the defendant, a township treasurer, for the payment of taxes.

Unoccupied land, the title to a part of which was held by the son, by virtue of an unrecorded deed recently given by the father, was assessed as one parcel to the father, for a drain tax. After the seizure of the personal property, the father (plaintiff herein) tendered to defendant his proportionate share of the taxes, giving a notice in writing of the description of the parcel owned by him, and refused to pay the remaining tax upon the parcel owned by his son, and, upon refusal of defendant to accept, demanded the return of the property seized; and, being refused by defendant unless

---

[1] See *Whittaker v. Fuller,* 96 Mich. 141, and note to *Gray v. Finn,* Id. 62, for cases involving the right to replevy property seized by a tax collector.

he would pay the entire tax, the plaintiff brought replevin. The circuit judge held that, the authorities having jurisdiction to impose an assessment upon the plaintiff, and the same being in part valid, replevin would not lie for the property seized by the treasurer, and gave judgment against plaintiff for the amount of the tax.

The property was seized for the payment of a tax regular in form, and lawful on its face. Plaintiff was in no sense a stranger to the tax. *Hill v. Wright*, 49 Mich. 229.

The judgment is affirmed.

LONG, GRANT, and MONTGOMERY, JJ., concurred. HOOKER, C. J., took no part in the decision.