SPANISH RIVER LUMBER CO. *v.* CITY OF BAY CITY.

1. TAXES—FOREST PRODUCTS—HOW ASSESSED.

Section 24 of Act No. 206, Pub. Acts 1893, which provides that assessments of property to one other than the owner shall show in what capacity it is assessed to him, does not limit the authority conferred upon the assessing officer by section 14, subd. 8, to assess forest products to the person "having .con-- trol" of the premises where the same are situated, so as to require him to ascertain whether the property is held by such person as agent, guardian, or otherwise.

2. SAME.

That one who has control of a dock for the purpose of placing lumber thereon has sold part of the lumber placed upon it to another person, who is authorized to remove it, does not take from the former the control of that part of the dock contain- ing the lumber sold, so as to prevent the assessment of such lumber against the seller, under Act No. 206, Pub. Acts 1893, § 14, subd. 8, providing that all forest products shall be assessed to the person having control of the dock where they are situated.

Error to Bay; Maxwell, J. Submitted April 15, 1897. Decided May 28, 1897.

*Assumpsit* by the Spanish River Lumber Company against the city of Bay City to recover a tax paid under protest.˙ From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*McDonell & Hall*, for appellant.

*U. R. Loranger*, for appellee.

HOOKER, J. The plaintiff, a Canadian corporation, was engaged in the business of ˙bringing logs from Canada, to be cut in the mills at Bay City, for the pur- pose of sale. It owned no premises or docks, and in 1893 it made a contract with Folsom & Arnold, owners

of a sawmill and docks at Bay City, to saw, and pile upon their docks, for it, 10,000,000 feet of logs. This was done, and the lumber produced therefrom was piled on the docks of Folsom & Arnold during 1893. In the spring of 1894 all of said lumber remaining upon said dock was assessed as follows: "Personal lumber on Folsom & Arnold's dock, $24,150; E. B. Foss & Co., same, $14,450." The assessor testified that he made such assessment from a memorandum furnished by Mr. Carrington, plaintiff's president, showing that, of said lumber, the plaintiff owned 2,106,900 feet of white pine and 1,880,810 feet of Norway, and that Foss & Co. owned 2,066,067 feet of white pine. The board of review struck out the item of $14,450, to Foss & Co., and added it to the plaintiff's assessment, by changing the figures from $24,150 to $38,600. The assessor testified that they were in doubt as to the ownership; that Carrington claimed that Foss owned it, and Foss claimed that it had not been paid for, and did not belong to Foss & Co.; and the board, after hearing the statement and arguments of the parties and counsel, took the action stated. The tax was paid under protest, and this action was brought to recover the amount.

The court seems to have been of the opinion that the assessment was properly made to the person who had control of the dock, under subdivision 8, § 14, Act No. 206, Pub. Acts 1893, which provides that—

"Personal property of non-residents of the State, and all forest products owned by residents or non-residents or estates of deceased persons, shall be assessed in the township or ward where the same may be, to the person having control of the premises, store, mill, dock, yard, piling ground, place of storage, or warehouse where such property is situated in such township, on the second Monday of April of the year when the assessment is made, except that, where such property is in transit to some place within the State, it shall be assessed in such place."

Counsel for the plaintiff offered to show that the property represented by the item of $14,450 was the property

of E. B. Foss & Co., upon the claim that, if it was, the assessment was void, because the plaintiff was not described as agent in the assessment, under section 24 of said Act No. 206, which provides that "property assessed to one other than the owner shall be assessed separate from his property, and shall show in what capacity it is assessed to him, whether as agent, guardian, or otherwise." This testimony was excluded. The court allowed the plaintiff to offer testimony upon the question of the control of the dock.

The record indicates that a question of title was raised in regard to this lumber. The board found it difficult to decide the question of ownership, and assessed the property to the one it determined to be in control of the dock. This the law permitted, if it did not require. We are of the opinion that the assessment was not void, although Foss & Co. were the owners. It was not necessary that the assessment should be made against the plaintiff as agent, because the board did not assume to assess the lumber as the property of persons other than the plaintiff, but did assess it under subdivision 8, § 14, expressly permitting its assessment to the custodian as owner.

It is contended that this lumber was not assessed to the one having control of the dock, because it had been sold to Foss & Co., who were authorized to remove it, and that from the time of such sale the control of that portion of the dock was in them. The plaintiff hired Folsom & Arnold to cut a large amount of lumber, and pile it upon Folsom & Arnold's dock for its use. At the plaintiff's convenience, lumber was removed and sold, and presumably other lumber piled in its place. There would seem to be more reason in saying Folsom & Arnold, who owned the dock, controlled it, than that Foss & Co. did; but it is not unreasonable to conclude that the dock was not under the actual control of either, but of the plaintiff, to whose purposes it was devoted. If, as would seem reasonable, the dock is to be considered as appurtenant to the sawmill, such a conclusion would be

consistent with the legislative view of this subject, shown by section 14, subd. 1, which provides that—

"All goods and chattels situate in some township other than where the owner resides shall be assessed in the township where situate, and not elsewhere, if the owner or person having control thereof hires or occupies a store, mill, dock, yard, piling ground, place for sale of property, shop, office, mine, farm, place of storage, manufactory, or warehouse therein, for use in connection with such goods and chattels: *Provided*, that the procuring any such property to be manufactured upon contract shall be deemed the hiring a mill or manufactory within the meaning of this section."

Carrington testified that the plaintiff had the use of the dock, as a place of storage. In our judgment, the undisputed facts show that the board lawfully assessed this lumber to the person in control of the dock, regardless of the question of title, which was in dispute. Plaintiff's remedy, if it has any, is against Foss & Co.

The judgment is affirmed.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. LONG, C. J., did not sit.