FORSTER *v.* BROWN.

1. TAXES—PROPERTY OF NONRESIDENTS—REPLEVIN.

Act No. 206, Pub. Acts 1893, § 14, subd. 8, provides that "personal property of nonresidents, and all forest products, * * * shall be assessed * * * to the person having control of the premises, * * * dock, yard, * * * or warehouse where such property is situated * * * on the second Monday of April." Certain lumber belonging to a nonresident was assessed to the owners of a dock by virtue of this section, and, their property having been seized under a warrant for the collection of the tax, they brought replevin, claiming that the dock was not under their control in such sense as to authorize the assessment. *Held*, that in view of 2 How. Stat. § 8318, providing that "no replevin shall lie for any property taken by virtue of any warrant for the collection of any tax * * * in pursuance of any statute of this State," the action could not be maintained.

2. SAME—VALUE OF PROPERTY—JUDGMENT—EVIDENCE—ASSIGNMENTS OF ERROR.

In replevin for property seized under a tax warrant, error in entering judgment in favor of the officer for the amount of the tax cannot be predicated upon the fact that it did not affirmatively appear from the evidence that the value of the property equaled the amount of the tax, where the case proceeded in the trial court upon the theory that such was the fact, and no point was made there on the omission.

Error to Menominee; Stone, J.   Submitted October 21, 1898.   Decided December 28, 1898.

Replevin by Charles G. Forster and Matthew A. Burns against Franklin H. Brown, city treasurer of Menominee, to recover property seized under a tax warrant.   From a judgment for defendant, plaintiffs bring error.   Affirmed.

*Sawyer & Waite,* for appellants.

*L. D. Eastmān,* for appellee.

MONTGOMERY, J.   This is an action of replevin.   The defendant, as treasurer of the city of Menominee, seized the property in controversy by virtue of a tax warrant directed to him.   An assessment appeared on the roll against the plaintiffs on 12,000,000 feet of lumber, said to belong to the S. K. Martin Lumber Company, of Chicago, stated in the assessment, as it appears on the roll, to be situated on the mill yard and docks occupied and under the control of Forster & Burns (plaintiffs).

The evidence shows that on or about, and under date of, the 28th day of November, 1896, the mill where said lumber was sawed, and the yard and docks appertaining thereto, comprising extensive yards and dock room, were sold and conveyed by the Blodgett & Davis Lumber Company to the plaintiffs herein, Messrs. Forster and Burns; that the deed by which said premises were conveyed contained the following reservation clause, to wit:

" It is understood and agreed by and between the parties to these presents that the lumber now piled on said premises may remain thereon, without any charge to the said parties of the first part, until the same can be shipped and removed therefrom promptly and without any unnecessary delay, after the opening of navigation in the year 1897."

It appears that the lumber remaining thereon was the lumber referred to in said assessment, and was then the property of said S. K. Martin Lumber Company, and that

the opening of navigation in the year 1897 at said city of Menominee did not occur until after the second Monday of April.

It is claimed that the dock was not under the control of plaintiffs in such sense as to authorize an assessment of the property against them, under the terms of paragraph 8, § 14, Act No. 206, Pub. Acts 1893, which provides:

" Personal property of nonresidents of the State, and all forest products owned by residents or nonresidents or estates of deceased persons, shall be assessed in the township or ward where the same may be, to the person having control of the premises, store, mill, dock, yard, piling ground, place of storage, or warehouse where such property is situated in such township on the second Monday of April of the year when the assessment is made, except that, where such property is in transit to some place within the State, it shall be assessed in such place."

The circuit judge found as a fact that the plaintiffs had general control of the dock in question, and, as matter of law, found that the assessment to plaintiffs was proper. He also determined that replevin is not a proper remedy, even if the assessment was erroneous; and as this finding is of itself decisive of the case, if sustained, we consider that question first.

Section 8318, 2 How. Stat., provides that:

"No replevin shall lie for any property taken by virtue of any warrant for the collection of any tax, assessment, or fine in pursuance of any statute of this State."

Here was an assessment, made against a resident firm, subject to the general jurisdiction of the assessing officer. The claim is that the assessment is invalid for the reason that the officer was mistaken in supposing that the property in question was assessable against the plaintiffs. Can the plaintiffs, in an action of replevin, try this question? In *Hill* v. *Wright*, 49 Mich. 229, replevin was brought to recover property seized to satisfy a tax claimed to be invalid. It was contended that the tax referred to in section 8318 could only mean legal and valid taxes. Mr. Justice CAMPBELL, speaking for the court, said:

"Such a construction would entirely nullify the statute, for the plaintiff could, in any case, set up a claim of invalidity, and sue out his writ, and postpone the determination of the legality of his action until its trial on the merits."

See, also, *Hood* v. *Judkins*, 61 Mich. 575; *Scott* v. *Whelan*, 96 Mich. 624; *Boyce* v. *Peterson*, 84 Mich. 490.

There are cases where replevin lies in favor of one whose property has been seized under a tax warrant. The leading case on this subject is *Le Roy* v. *East Saginaw City Railway*, 18 Mich. 233 (100 Am. Dec. 162), in which case it was said:

"To construe this provision as intended to apply only to cases in which the taxes for which the property has been taken have been imposed by authority of, and in full compliance with, the statute authorizing any particular taxes, so as to render it a valid tax in pursuance of such statute, would be to make the question of the maintenance of the replevin depend, in all cases, upon the validity of the tax, to be determined upon the trial; and this would make the statute forbid only those actions of replevin which must equally have failed without the statute. On the other hand, to construe the statute as applying to a case in which there is no statute authority for the assessment and collection of any tax by the officers who may have undertaken to assess or collect one, and where no possible proceeding of such officers could have given them authority to impose or collect any tax under any statute of the State, or to a case where the property of some other person than the party taxed has been seized, would be to extend the statute to cases which do not come within its spirit or intent. This provision must, therefore, be construed as applying only to cases in which a valid tax might, by legal possibility, have been imposed and collected by regular and proper proceeding under some statute authority."

It will be seen that this case does not help out the plaintiffs' contention, for it cannot be said that this is a case in which there is no statute authority for the assessment or collection of any tax by the officer who has undertaken to

assess and collect one. It is not enough to say that the particular tax assessed was unauthorized, if the assessing officer was the one whose primary duty it was to determine that question. In *McCoy* v. *Anderson*, 47 Mich. 502, replevin was sustained, but the reason is manifest from the language of the opinion, viz.: "In the present case there was a total want of jurisdiction in the officer to levy any tax against these parties." Such was the fact, also, in *Lantis* v. *Reithmiller*, 95 Mich. 45. But such is not the case here, as we have shown. It follows that the remedy by replevin was not open to the plaintiffs.

One other question remains to be considered. On the trial the tax was shown to amount to $2,174.40. The inventory and sworn appraisal of the property was shown to be $2,948. This was not formally offered in evidence, but the circuit judge finds that no point was made on the omission. The case is like *Boyce* v. *Peterson*, 84 Mich. 494, in which case the court said: "We think the fair inference from the record to be that the case was tried upon the understanding that the property was worth more than the amount of the tax." It is evident that no injustice has been done plaintiffs, and the judgment for defendant will be affirmed.

The other Justices concurred.