## PIONEER FUEL CO. *v.* MOLLOY.

1. Statutes— Amendment— Publication— Constitutional Law.
   Act No. 349, Local Acts 1897, purported by its title and enacting clause to amend section 15 of chapter 29 of the charter of the city of Gladstone, together with numerous other sections and chapters.    By mistake, amendatory section 15 was published as a part of chapter 28, instead of chapter 29.    The former chapter related to "finance and taxation;" the latter, to "the assessment and collection of taxes."    *Held,* that the error in publication did not render the section void as in contravention of section 25, art. 4, of the Constitution, providing

that no law shall be amended by reference to its title only, but the sections amended shall be re-enacted and published at length.

2. .Taxation—Collection—Replevin.

If any part of a tax is legal, replevin will not lie for property seized to enforce its collection.

3. Same—Validity of Assessment—Interstate Commerce.

Thus, where an assessment was laid on a quantity of coal brought into the State, designed primarily for shipment to , points outside the State, replevin would not lie for property seized to satisfy the tax, on the ground that the coal was the subject of interstate commerce, it appearing that some shipments had been made to points in Michigan.

4. Same — Nonresidents — Assessment to Agent — Seizure of Property.

1 Comp. Laws, § 3837, provides for the assessment of personal property of a nonresident to the person having control of the premises where it is located. Section 3847 provides that an assessment to one other than the owner shall show in what capacity the property is assessed to him. Property not belonging to plaintiff, a nonresident, was assessed to a certain person as plaintiff's agent, and other property, belonging to plaintiff, was seized for the tax. *Held*, that, as the agent was personally liable for the tax, the seizure was unlawful.

5. Same—Curative Provisions of Statute.

The provision of section 3922, that no tax shall be held invalid because the property was assessed without the name of the owner, or in the name of one other than the owner, could not validate such seizure; though, had the property seized been that assessed, or, possibly, had plaintiff owned the latter, such provision might have been invoked.

6. Same—Replevin.

Replevin will lie for property seized to satisfy a tax assessed against a third person.

Error to Délta; Stone, J. Submitted April 24, 1902. (Docket No. 33.) Decided September 30, 1902.

Replevin by the Pioneer Fuel Company against John Molloy, marshal of the city of Gladstone. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

Plaintiff contended that the provision of Act No. 349, Local Acts 1897, purporting to authorize the marshal of the city of Gladstone to collect taxes (section 15, page 206), was in violation of Const. art. 4, § 25, inasmuch as the title and enacting clause of said act indicated an intention to amend section 15 of chapter 29 of the charter, relating to "the assessment and collection of taxes," while the section as amended was published as a part of chapter 28, entitled "Finance and Taxation."

*G. R. Empson* (*I. C. Jennings,* of counsel), for appellant.

*A. W. Wolfe* (*Cummiskey & Yelland,* of counsel), for appellee.

MONTGOMERY, J.   This is an action of replevin for a quantity of coal, which was seized by the defendant, as marshal of the city of Gladstone, for a personal tax that had been assessed upon the roll of that city for the year 1900.   The assessment is made to "J. M. Beattie, agent for the Pioneer Fuel Company."   The tax extended is $964.58.   As the case stood at the close of the testimony, there was, in addition to the facts of the assessment and the seizure by the marshal, evidence that the coal, which was assessed in the manner above stated, was not the property of the plaintiff, but was the property of the Erie Railroad Company; that it was stored at Gladstone; that from time to time shipments were made from it, under a contract, to parties resident of Minnesota; but that shipments from this mass of coal were also made to residents of Michigan.   At the close of the testimony, the circuit judge directed a verdict for the defendant for the amount of the tax, with interest.   The plaintiff, by this appeal, presents four questions:   It is contended—*First,* that the marshal had no authority to make the levy, the warrant being directed to the city treasurer; *second,* that the property was not assessed to the plaintiff, but to Beattie, and that the process is not process against the present plaintiff,

but against Beattie, and that plaintiff's property cannot, therefore, be seized; *third*, that the procedure under the tax law, being directed against the property of the plaintiff, who is a nonresident, and claims not to be the owner of the property assessed, is not due process of law; and, *fourth*, that the coal assessed was in transit, and the subject of interstate commerce.

As to the first question, it is conceded by plaintiff that, if the amendment incorporated by Act No. 349 of the Local Acts of 1897, which purports to authorize the marshal to collect taxes, is legal, the proceedings are regular. Without discussing at length the criticism made upon this enactment, it will suffice to say that the act is not unconstitutional for the reasons urged, and that authority for this holding will be found in *People* v. *Judge of Superior Court of Grand Rapids*, 39 Mich. 195, *Fort-St. Union Depot Co.* v. *Commissioner of Railroads*, 118 Mich. 340 (76 N. W. 631), and *Common Council of Detroit* v. *Schmid*, 128 Mich. 379 (87 N. W. 383).

Under the showing made, we think, also, that the point that the assessment of this property is an interference with interstate commerce is without force. It appears that from this mass of coal shipments were being made to cities within the State, and, as the circuit judge rightly held, if any portion of the coal was assessable in the city of Gladstone, this action will not lie.

The question remains whether, under an assessment in form such as this, property of the present plaintiff could be seized, where the property assessed was not the property seized, and not the property of the present plaintiff. It is conceded in the brief of plaintiff's counsel that, had the property actually assessed been seized, it would be immaterial in what name it was assessed. But it is contended that, the plaintiff being a nonresident of the State, and not in fact owning any property subject to the jurisdiction of the taxing officers, it is not due process of law against this plaintiff to assess property of a third party to plaintiff's assumed agent, and then subject the plaintiff's own property to the payment of the tax.

1 Comp. Laws, § 3837, provides for the assessment of property, under circumstances such as those existing in the present case, to the person having control of the premises, store, mill, dock, yard, piling ground, place of storage, or warehouse. Section 24 of the tax law (Id. § 3847) provides that assessments to one other than the owner shall show in what capacity it is assessed to him; and, as we held in *Spanish River Lumber Co.* v. *City of Bay City*, 113 Mich. 181 (71 N. W. 595), this section does not limit the authority conferred upon the assessing officer by section 3837, to assess property to the person having control. It is very clear that, under the authorities, the assessment to the person having control makes such person personally responsible for the tax. See *Forster* v. *Brown*, 119 Mich. 86 (77 N. W. 646); *Spanish River Lumber Co.* v. *City of Bay City*, 113 Mich. 181 (71 N, W. 595); *Township of Orion* v. *Axford*, 112 Mich. 179 (70 N. W. 417); *Minneapolis & Northern Elevator Co.* v. *Traill County*, (N. Dak.) 82 N. W. 727, 50 L. R. A. 266; *Lockwood* v. *Johnson*, 106 Ill. 334.

This tax was, therefore, a valid tax against Mr. Beattie. Was it also a valid tax against the plaintiff? To determine this, we may ask, Against whom should suit have been brought to recover the tax? If brought against Beattie, we think he could not have defended successfully upon the ground that he was described in the assessment as the agent of the Pioneer Fuel Company, if, as a matter of fact, he was the person having control of the property, as must be assumed from the assessment. We think it could not be said, therefore, that it was an assessment against the Pioneer Fuel Company, which would entitle the municipality to bring suit to recover the tax.

Reliance is had upon section 99 of the tax law (1 Comp. Laws, § 3922), which provides that no tax shall be held invalid on account of the property having been assessed without the name of the owner, or in the name of any person other than the owner, etc. This curative provision might be urged if the property assessed were that in con-

troversy in the case, or, possibly, if the plaintiff were shown to be the actual owner of the property assessed. But neither of these facts is conceded on the present record.

For a discussion of the question of when replevin will lie for property seized under a tax warrant, see *Forster* v. *Brown*, 119 Mich. 86 (77 N. W. 646). We think the present case comes within the line of cases there discussed, in which the property of plaintiff has been seized for a tax assessed against a third party.

It follows, from the views expressed, that the judgment of the circuit court must be reversed, and a new trial ordered.

. HOOKER, C. J., MOORE and GRANT, JJ., concurred.