GOW *v.* McFARREN.[1]

TAXATION—SALE—PASSING OF TITLE.

Where, in a contract for the sale of certain logs, payment is
to be made on delivery f. o. b. cars at places stated, the title
does not pass so as to make the buyer liable for an assessment
for taxes until the delivery of the logs according to the terms
of the contract.

Error to Kalkaska; Chittenden, J.  Submitted January 19, 1909.  (Docket No. 121.)  Decided April 24, 1909.

Replevin by James Gow and John Campbell, copartners as Gow & Campbell, against J. Marvin McFarren.
There was judgment for defendant on a verdict directed
by the court, and plaintiff brings error.  Reversed.

*William Carpenter* and *J. L. Boyd*, for appellants.

*Ernest C. Smith*, for appellee.

This is an action of replevin brought by the plaintiffs,
a copartnership, with residence, office, and place of business at Muskegon, Mich., against the defendant as township treasurer of the town of Clearwater in Kalkaska

[1]Rehearing denied May 25, 1909.

county, Mich. The plaintiffs were engaged in buying logs from the various settlers, and other persons having them for sale, in the town of Clearwater in the years 1905 and 1907. Two of the contracts under which the logs were purchased were in writing and were as follows:

"This agreement, made this 20th day of November, A. D. 1906, by and between James G. Getty of Barker Creek, Mich., of the first part, and James Gow and John Campbell, a copartnership under the name of Gow and Campbell, of Muskegon, Mich., of the second part,

"Witnesseth, the said party of the first part covenants and agrees to and with the party of the second part in consideration of two hundred dollars ($200) this day advanced to said first party by said second party to purchase the land described as the northeast quarter of the northwest quarter of section thirty-three (33), town twenty-eight (28) north, of range eight (8) west, to deliver all the timber on the above-described lands, of the following kinds, and at Clay, on the P. M. R. R., f. o. b. cars, as hereinafter stated, to wit: The dead hemlock at $8.00 per thousand feet, cedar at $9.00 per thousand feet, maple at market price per thousand feet, beech at market price per thousand feet, ash at $11.00 per thousand feet, basswood at $15.00 per thousand feet, birch at $9.60 per thousand feet, on or before April 1, 1907, and live hemlock at $10.00 per thousand on or before June 15, 1907. Cars to be furnished by first party and logs to be scaled at reasonable intervals. The loading conditioned on ability to get cars. Payment to be made as follows: $3 per M. on skids and balance, after reserving the $200 advanced and $1.50 for loading on cars, when logs are on the banking ground.

"It is mutually agreed that said deed shall be deposited with Wayne Simmons, to be delivered to said first party on delivery of timber as above described.

"And the said party of the second part covenants and agrees to pay unto the said party of the first part, for the same, the above schedule of prices in dollars, lawful money of the United States, as follows: When delivered on board of cars reserving therefrom the said $200 heretofore advanced.

                    "J. G. GETTY.  [Seal.]
                  "GOW & CAMPBELL,
            "By C. E. JOHNSON, Agt.  [Seal.]"

"MUSKEGON, MICH., July 2, 1906.

"I, the undersigned, have today received one hundred and fifty dollars from Gow & Campbell to apply on about ninety thousand feet logs, 50,000 feet hemlock, 40,000 feet hardwood, to be delivered f. o. b. cars at Barnes Siding, P. M. R. R., the coming winter season by April first, 1907. The timber is now standing in its natural state of condition on the N. E. ¼ of N. E. ¼, Sec. 26, 28–8 Clearwater township. Logs to be scaled in wood when cut and sided. The market price to be paid for logs when scaled and delivered on cars. One-half of the price per M feet to be paid when the logs are cut and sided and scaled, less the amount advanced, above mentioned.

"SIMEON WAY."

It was testified to on behalf of the plaintiffs, and not denied by the defendant, that all the other logs assessed were purchased by the plaintiff's agent by oral agreement, upon terms similar to those of the Getty contract. Some of these logs being piled along the railroad track in 1905 and 1907, the supervisor assessed them to Gow & Campbell. The taxes not having been paid, the township treasurer made a levy on the plaintiff's logs in Kalkaska county in April, 1908. The plaintiffs, claiming that there was no lawful authority for the 1905 and 1907 assessments, replevined the logs.

BROOKE, J. (*after stating the facts*). It is the plaintiffs' claim that, the logs in question, assessed to them in 1905 and 1907, having been purchased by them from the original owners to be delivered f. o. b. cars at the various sidings, title did not pass to the plaintiffs until such delivery, and that therefore the directed verdict against them should be reversed. The question involved in this case was fully considered in the case of *Grand Rapids Bark & Lumber Co.* v. *Township of Inland*, 136 Mich. 121. In that case this court said:

"Did the title pass to the plaintiff at any time before delivery on the cars? As to the lumber manufactured from logs cut from Anderson's own lands, we think it is clear that the title did not pass. As to this lumber, it re-

mained to ascertain the quantity and quality, and the presumption that the intention was not to pass title remains. *Lingham* v. *Eggleston,* 27 Mich. 324; *Wagar* v. *Farrin,* 71 Mich. 370; *H. M. Tyler Lumber Co.* v. *Charlton,* 128 Mich. 299 (55 L. R. A. 301)."

It is quite clear that the title to the logs assessed did not pass to the plaintiffs until their delivery f. o. b. cars according to the terms of the contract. Under the testimony disclosed by the record the plaintiffs were entitled to a directed verdict.

Judgment reversed, with costs of both courts, and a new trial ordered.

GRANT, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.