# JANUARY TERM, 1911.

GOW *v.* McFARREN.

1. TAXATION—LOGS AND LOGGING—LESSEE.

   Logs piled on ground that is leased are assessable to the lessee, though the seller of the logs under contract with such lessee necessarily had temporary control of the premises in order to do the loading on cars, as provided by agreement. Act No. 32, Pub. Acts 1899. *Gow* v. *McFarren*, 156 Mich. 362 (120 N. W. 800), overruled on rehearing.

2. SAME—REPLEVIN.

   Replevin does not lie for logs levied on for taxes which were partly valid and partly invalid.

Error to Kalkaska; Chittenden, J. Submitted January 19, 1909. (Docket No. 121.) Decided April 24, 1909. Reargued April 5, 1910. Former opinion reversed February 1, 1911.

Replevin by James Gow and John Campbell, copartners as Gow & Campbell against J. Marvin McFarren. A judgment for defendant on a verdict directed by the court is reviewed by plaintiffs on writ of error. Affirmed.

*William Carpenter* and *J. L. Boyd*, for appellants.

*Ernest C. Smith*, for appellee.

BROOKE, J. The opinion of the court upon the original hearing of this case will be found reported at 156 Mich. 362 (120 N. W. 800). We there determined that the plaintiffs were entitled to a directed verdict, upon the ground that the title to the logs assessed had not passed to plaintiffs at time of assessment. Emphasis is now placed

upon the fact that, at two of the sidings where the logs were found and assessed, plaintiffs' agent had rented for a nominal sum grounds upon which, as well as upon the railroad right of way, the logs were stored awaiting loading by the vendors or their agents. It is defendant's contention, therefore, as to these two lots, that, independent of the question of title, they were properly assessed to plaintiffs under the provisions of section 8 of Act No. 32 of the Public Acts of 1899, which reads as follows:

" Personal property of nonresidents of the State and all forest products owned by residents or nonresidents, or estates of deceased persons, shall be assessed in the township or ward where the same may be, to the person having control of the premises, store, mill, dock, yard, piling ground, place of storage, or warehouse where such property is situated in such township, on the second Monday in April of the year when the assessment is made."

The important question raised by this contention is whether or not, at the Barnes and Liphart sidings, the grounds upon which, in part, the logs were piled, were under the control of plaintiffs within the meaning of the statute. It is urged by plaintiffs that, though their agent hired additional ground at a nominal rental at each of the two sidings named, it should be held, inasmuch as the contracts required the vendors of the logs to do the loading, in doing which, control of the lands in question was necessary, that the owners of the logs were really in control of the grounds within the meaning of that term as used in the statute.

While there is force in the argument that the sole use made of the grounds was to permit their occupancy by the vendors of the logs in loading and delivery, we think it should not be held that for that reason the lessees were not in control. It must be remembered that the statute was intended to enable forest products to be assessed without reference to ownership, in order to avoid the necessity on the part of the assessing officer of determining the identity of the owner. It follows that the assess-

ments of the logs at the Barnes and Liphart sidings, so far as they related to logs upon piling grounds controlled by plaintiffs, were proper.

While the assessments for the year 1905, and those for 1907, at the other sidings, were invalid, yet, as a portion of the tax for which the levy was made was valid, replevin will not lie. *Boyce* v. *Stevens*, 86 Mich. 549 (49 N. W. 577); *Scott* v. *Whelan*, 96 Mich. 624 (55 N. W. 1025); *Forster* v. *Brown*, 119 Mich. 86 (77 N. W. 646).

The judgment must be affirmed.

OSTRANDER, C. J., and BIRD, HOOKER, MOORE, MC-ALVAY, BLAIR, and STONE, JJ., concurred.