## GOW *v.* STODDARD.

1. TAXATION — ASSESSMENT — FOREST PRODUCTS — LOGS AND LOG-GING—OWNERSHIP.

Under Act No. 32, Pub. Acts 1899, logs on a loading ground, rented for the purpose of piling and loading the logs on cars, are assessable to the lessee, whether or not the sale of the property to him was fully executed.

2. REPLEVIN—TAXATION—WARRANT.

Replevin does not lie for personal property taken by a township treasurer under a tax warrant, fair on its face, and valid for a portion of the taxes assessed. 3 Comp. Laws, § 10651.

Error to Kalkaska; Chittenden, J. Submitted January 13, 1910. (Docket No. 64.) Decided February 1, 1911.

Replevin by James Gow and John Campbell against Orson T. Stoddard. Judgment for defendant. Plaintiffs bring error. Affirmed.

*William Carpenter* and *J. L. Boyd*, for appellants.

*Ernest C. Smith*, for appellee.

BLAIR, J. The plaintiffs are lumbermen residing at Muskegon, Mich., and in the winter of 1906 and 1907 were buying logs in the township of Rapid River, Kalkaska county. The plaintiffs' testimony tended to show that all the logs bought in that township were bought under oral contracts, by the terms of which they were to be delivered f. o. b. cars, and were to be finally paid for when they were on the cars. Some of the logs contracted for had been hauled to the skidways, or sidings, by the vendors, and left there preparatory to loading, at the time the assessment was to be made in April, 1907. The supervisor, finding them there at that time, assessed them to the plaintiffs. Three separate assessments were made: One

for logs on section 1 at the siding at Westwood, valued at $1,230.20, against which a tax of $31.11 was levied. The second, for logs on section 27, Rapid River, valued at $3,710, against which a tax of $105.05 was levied. These were at a place called Lola's Siding. The third, for logs on section 30 at Rugg's Siding, valued at $520, against which a tax of $13.12 was levied. The undisputed testimony showed that the banking ground upon which the logs were piled at Rugg's Siding was leased by plaintiffs for that purpose.

The plaintiffs having refused to pay the taxes so assessed, the township treasurer, in the spring of 1908, levied on certain other logs of plaintiffs to enforce collection, and plaintiffs brought this suit in replevin therefor. The warrant showed the separate amounts of the three taxes as above set forth. At the close of the testimony the circuit judge directed a verdict for defendant, for the following reasons:

"I think the motion is well taken that, Gow & Campbell having rented those grounds of Mr. Rugg, this property, the logs, was on their premises, and in their possession, and, if assessed to them, it was properly assessed under the statute. If it had been on the G. R. & I. Railroad land, it should have been assessed to the G. R. & I., perhaps; if it had been on my land, it should have been assessed to me; but, Gow & Campbell having rented this property of Mr. Rugg, the property was properly in their possession. It was their yard, not Mr. Rugg's yard, and not those several individuals' that had sold those logs; but it was Gow & Campbell's banking ground. They had paid rent for it, had taken possession of it; and under this motion I shall hold that the assessment was properly made to Gow & Campbell. The motion is granted."

Plaintiffs bring the record to this court for review upon writ of error, contending that in all respects the case is ruled by the previous decision of this court: *Gow* v. *McFarren*, 156 Mich. 365 (120 N. W. 800).[1] Defendant's counsel in their brief attempt to distinguish the cases as follows:

---

[1] See opinion on rehearing, *ante,* 280.—REPORTER.

"In neither of the cases, *Grand Rapids Bark & Lumber Co.* v. *Township of Inland*, 136 Mich. 121 (98 N. W. 980), and *Gow* v. *McFarren*, 156 Mich. 362 (120 N. W. 800), does it appear that the plaintiffs leased or controlled the ground where the forest products were stored, and in view of the statute heretofore quoted (Pub. Acts 1899, Act No. 32, § 8), this distinction is decisive and controlling."

While the opinions in the cases referred to do not disclose that the section of the statute referred to or the facts which it is claimed rendered it applicable received the attention of the court, the record in *Gow* v. *McFarren* discloses that a similar state of facts existed in that case, and in the brief for defendant therein the following appears:

"However, in the view which we take of this case, it is not absolutely essential to determine whether title passed or not. These logs were located at different sidings on the railroad. At two of these sidings, at least, the plaintiffs leased and paid rent for the ground on which the logs lay, and they leased it for the purpose of storing these logs in question; and, because they were therefore in control of the yards or piling ground where the logs lay, the logs were properly assessable to them, regardless of ownership, under the provisions of the tax law. Pub. Acts 1899, Act No. 32, § 8."

The same question was again raised by motion for rehearing, which was denied.[1]

It is apparent, therefore, that, if we adhere to the decision in *Gow* v. *McFarren*, the judgment herein must be reversed. Upon reconsideration, however, we are satisfied that we failed to give proper effect to the statute in question. The statute provides that—

"All forest products owned by residents or nonresidents, or estates of deceased persons, shall be assessed in the township or ward where the same may be, to the person having control of the premises, store, mill, dock, yard, piling ground, place of storage, or warehouse where such property is situated in such township, on the second Monday of April of the year when the assessment is made," etc.

[1] See *ante*, 280, where former decision is reversed.—REPORTER.
164 MICH.—22.

Under the undisputed evidence in the case, the plaintiffs were in control of the piling ground at the Rugg Siding at the time of the assessment, and in assessing the logs on such piling ground to them the supervisor was following the express command of the statute.

Section 10651, 3 Comp. Laws, provides that—

"No replevin shall lie for any property taken by virtue of any warrant for the collection of any tax, assessment or fine, in pursuance of any statute of this State."

Certainly where, as in this case, not only is the warrant fair on its face, but a portion of the tax is valid, the statute applies, and prohibits the action. *Boyce* v. *Stevens*, 86 Mich. 549 (49 N. W. 577); *Scott* v. *Whelan*, 96 Mich. 624 (55 N. W. 1025); *Curtiss* v. *Witt*, 110 Mich. 131 (67 N. W. 1106); *Roberts* v. *Denio*, 118 Mich. 544 (77 N. W. 7); *Forster* v. *Brown*, 119 Mich. 86 (77 N. W. 646); *Northwestern, etc., Lumber Co.* v. *Scott*, 123 Mich. 357 (82 N. W. 76). So far as the case of *Gow* v. *McFarren* is inconsistent with this opinion, we think it should not be followed.

The judgment is affirmed.

HOOKER, MOORE, McALVAY, and BROOKE JJ., concurred.