## TOWNSHIP OF PLAINFIELD v. SAGE.

TAXES—FOREST PRODUCTS—WHERE ASSESSABLE.

Logs stored in a lake, close by a railroad, awaiting facilities for shipment by rail, are not in transit, within the meaning of 3 How. Stat., § 1170b, subd. 4, providing for the assessment of such property at its place of destination, but are within the proviso to said section that logs piled or left, in any yard or railroad reserve shall not be deemed in transit, but shall be assessed to the owner thereof in the township where situate.

Error to Bay; Cobb, J. Submitted October 11, 1895. Decided October 22, 1895.

*Assumpsit* by the township of Plainfield against Henry W. Sage and others to recover a tax assessed against certain logs belonging to defendants. From a judgment for defendants upon verdict directed by the court, plaintiff brings error. Reversed.

Defendants are residents of the State of New York. They own a saw mill plant at West Bay City, Mich.,

where they manufacture their logs into lumber. In the winter of 1890-91, in the township of Plainfield and an adjoining township, they cut and hauled 6,500,000 feet of logs, and put them into Loon lake, which is about two miles long and three-fourths of a mile wide. They placed a boom around them, upon the ice, to prevent their floating over the lake when the ice should break up. Their ultimate destination was the defendants' mill at West Bay City. On one side of the lake there had formerly been a hoist for the purpose of taking the logs from the lake, and loading them on the cars for transportation. A spur track had also formerly been built from the main line of the railroad to this hoist, but had been discontinued. This spur track and hoist were to be rebuilt for the use of the defendants. The logs were hauled upon the lake about half a mile from the hoist, and, as they were left upon the ice, extended to the hoist. The hoist was between the two points where the boom was attached to the shore, and the point where the logs were brought upon the lake was between the two ends of the boom. The boom, therefore, included both the banking ground and the hoist. As soon as the ice broke up, early in April, they commenced to crowd the logs towards the hoist with the boom sticks. The hoist and spur track were completed about June 5th, when defendants commenced the transportation by rail. A tax was assessed against these logs by the plaintiff, for the recovery of which this suit is brought.

*M. J. Connine (McDonell & Hall,* of counsel), for appellant.

*T. F. Shepard,* for appellees.

GRANT, J. *(after stating the facts).* The sole question presented is: Were these logs in transit on the second Monday in April,—the time fixed by the statute for the assessment of all property? 3 How. Stat. § 1170b1. The

statute providing for the assessment of forest products is as follows:

"Personal property of non-residents of the State, and all forest products owned by residents or non-residents or estates of deceased persons, shall be assessed to the owner or to the person having control thereof in the township or ward where the same may be, except that, where such property is in transit to some place within the State, it shall be assessed in such place: *Provided*, all forest products in transit on the second Monday in April, and thereafter found in the waters or streams of this State, or on the banks or shores of any lake, pond, or stream of this State, when the same is not at the place where it is to be manufactured, shall be held to have a place of destination at the sorting grounds of the rafting and driving agents or booming company nearest the mouth of such stream, unless the contrary shall be made to appear by the owner or party having the same in charge: *Provided further*, that all lumber, logs, timber, lath, pickets, shingles, posts, cordwood, tanbark, telegraph or telephone poles, or railroad ties, that may be piled or left in any yard, railroad reserve, or in any shed, shall not be deemed in transit, but shall be assessed to the owner thereof in the township or ward where the same may be situate at the time provided for by law for taking any assessment." 3 How. Stat. § 1170*b*, subd. 4.

These logs are not affected by the first proviso, since they were not in transit over any of the waters or streams of this State, within the meaning of that proviso. The last proviso is the controlling one. We held in *Maurer* v. *Cliff*, 94 Mich. 194, that logs and lumber piled along a railroad track, awaiting the convenience of the owner or the facilities for shipment, were not in transit, and that they were liable to assessment in the township where situate. Obviously, there is no distinction between a storage on land and in the water, awaiting facilities for shipment by rail. These logs were no more in transit than they would have been had they been left upon the skidways in the woods, or piled along the railroad, awaiting shipment. They were stored in the lake, close by the railroad, and so remained for two months, for the

convenience of the defendants. They were, therefore, not in transit, within the meaning of the statute, and were properly assessed in the plaintiff township.

Judgment reversed, and new trial ordered.

The other Justices concurred.