## MITCHELL *v.* TOWNSHIP OF LAKE.

1. TAXATION—PLACE OF ASSESSMENT—STORED LOGS.

Under 1 Comp. Laws 1897, § 3837, subd. 8, providing that all forest products shall be assessed in the township where they may be on the second Monday of April, except that, where such property is in transit to some place within the State, it shall be assessed in such place; and section 3838, providing that logs piled or left in any yard or railroad reserve shall not be deemed in transit,—logs piled on the right of way of a private railroad owned and operated by the owners of the logs, awaiting transportation thereon, are assessable in the township where they are located.

2. SAME—LOGS IN TRANSIT.

Under the provision of section 3837 above mentioned, that forest products in transit to some place within the State at the time for taking the assessment shall be assessed in such place, and of section 3838, creating a presumption as to the destination of such products found "in the waters or streams" of the State, "when not at the place where they are to be

manufactured," logs in a storage pond appurtenant to a saw-
mill, and intended for manufacture therein, though being
in a township other than that in which the mill is situated,
are assessable in the latter township.

3. SAME—PRIVATE RAILROAD.
   The roadbed and track of a private railroad owned by a co-
   partnership is assessable as real estate in the township where
   it is located.

Case made from Missaukee; Aldrich, J.    Submitted
January 29, 1901.  Decided April 25, 1901.

*Assumpsit* by William W. Mitchell and Austin W.
Mitchell, copartners as Mitchell Brothers, against the
township of Lake, to recover taxes paid under protest.
There was a judgment for plaintiffs for less than the
amount claimed, and both parties assign error.   Affirmed.

*F. O. Gaffney* (*E. Eugene Haskins*, of counsel), for
plaintiffs.

*Sawyer & Bishop*, for defendant.

MOORE, J.   Plaintiffs were the owners of certain logs,
which were assessed by two assessing officers of different
townships.   The taxes were paid by them in both assess-
ing districts.   The payment in the township of Lake was
made under protest.   This action is brought to recover
back the amount so paid.   Two suits were brought,—one
for the taxes of 1898, and one for the taxes of 1899.   The
disposition of this case will decide all the questions in-
volved in both cases.   The following agreed statement of
facts was presented to the trial court:

"*First.* The above-named plaintiffs are copartners in
business, and reside in Cadillac, Wexford county, Michi-
gan, and have their principal business office at that place,
and all the books of account of the Mitchell Brothers are
kept there; that they have in Lake township, Missaukee
county, a store, sawmill, planingmill, machinery for the
manufacture of flooring; also storehouses, shops, piling
grounds, etc., for use in connection with their lumber man-
ufacturing business.

"*Second.* That plaintiffs own and operate a sawmill situated in the township of Lake, in Missaukee county, Michigan.

"*Third.* That said mill is situated near the township line between said township of Lake and the township of Caldwell, in said county of Missaukee.

"*Fourth.* That the place of storage of logs at said mill is in a small lake, a small part of which is in Lake township and the other part in Caldwell township.

"*Fifth.* That while in storage in said lake the logs are kept in a storage boom, a part of said boom extending into Lake township and the balance extending into Caldwell township; that the township line running east and west between said Lake and Caldwell townships is 164 feet north of the slide or chute upon which the logs are taken from the water of the lake into the mill.

"*Sixth.* That said plaintiffs own and operate a narrow-gauge logging railroad extending from said sawmill in a northeasterly direction through the townships of Caldwell, Bloomfield, Forest, Norwich, and West Branch; that said railroad is operated by steam, and is used exclusively by the plaintiffs for their own purposes, principally the transportation of logs to their said sawmill.

"*Seventh.* That said plaintiffs own more or less timber along the line of said railroad, which, when cut into logs to be transported to said mill, is piled on the right of way and grounds of said plaintiffs, and from there loaded upon their cars and carried to said lake or storage pond, and from there taken into the mill and cut into lumber.

"*Eighth.* That said plaintiffs also purchased logs of third parties, and, when the logs were cut and skidded, the plaintiffs, if their track has not already been constructed, construct a track to the logs so cut and decked up, and then load them on the cars and transport them to said lake or storage pond.

"*Ninth.* That all logs hauled for the purpose of being immediately cut are dumped in that part of the pond in Lake township in the immediate vicinity of said chute; all the logs hauled, not to be at once cut, are dumped in that part of the pond in Caldwell township, and float about in both townships, their position and location therein being dependent upon how the wind blows.

"*Tenth.* That in the year 1898, on the second Monday in April, the plaintiffs had logs cut and piled along said railroad in the townships of Caldwell, Bloomfield, West

Branch, and Norwich, ready for transportation on their said railroad to said lake or pond for storage, and to be manufactured at their said mill.

"*Eleventh.* That the logs in each of said townships were assessed in each of said townships.

"*Twelfth.* That all of said logs situated in said Caldwell, Bloomfield, West Branch, and Norwich townships were assessed in said township of Lake.

"*Thirteenth.* That said plaintiffs carry on their business the year round, but that, in conducting said operations, during the winter season a considerable amount of logs accumulate and are piled along said logging road and branches in the several townships, some of which are cut and piled by plaintiffs, and a part are purchased of others, who haul the same to said road where most convenient; that said logs are being hauled by plaintiffs over said road during the winter season, and continue to do so until they are all hauled, when their operations are confined to the hauling of the logs as fast as cut and piled along said track, so that the only accumulation of logs occurs in and during the winter months.

"*Fourteenth.* That the said plaintiffs appeared before the board of review of said township of Lake on the fourth Monday of May, 1898, and protested and objected to the assessment of said property in the said township of Lake; that notwithstanding said protest there was assessed upon the tax roll of said Lake township as follows: 'Personal as follows: Logs in the townships of Bloomfield, Forest, West Branch, and Norwich, in Missaukee county. Personal: Logging railroad in townships of Caldwell, Bloomfield, Forest, West Branch, and Norwich, in Missaukee county, 30 miles, at $300.00 per mile, including engines and cars.' * * *

"*Fifteenth.* That said plaintiffs, in connection with the operation of their said sawmill and railroad and lumbering business, also operate a planingmill and store at said village of Jennings, in Lake township; that said railroad starts from Jennings, in Lake township; and that the engine used in operating said railroad is housed and kept in the township of Lake.

"*Sixteenth.* It is also agreed that if the court shall find, as a matter of law, that the assessment of the logs situated in the townships of Caldwell, Bloomfield, Forest, West Branch, and Norwich is illegal, then the plaintiffs will be entitled to recover $463.45, with interest thereon at the rate of 6 per cent. from February 21, 1899. * * *

"*Seventeenth.* That plaintiffs own tracts of land on both sides of the town line between Lake and Caldwell townships, and that contiguous tracts on both sides of this line constitute the mill site, mill yard, and booming ground of plaintiffs."

Based upon the agreed state of facts, the court came to the following conclusions of law:

"*First.* That the assessment on the railroad bed or logging railroad situated in Caldwell, Bloomfield, Forest, West Branch, and Norwich townships is illegal and void.

"*Second.* That the rolling stock and equipments of the said railroad are appurtenant to the mill of said plaintiffs in the said township of Lake, and should be assessed in the last-named township.

"*Third.* That the logs in the townships of Caldwell, Bloomfield, Forest, West Branch, and Norwich, piled along the railroad right of way and grounds, were not assessable in the township of Lake.

"*Fourth.* That the logs which were in the storage pond, being partly in the township of Caldwell, on the second Monday of April, 1898, which storage pond is appurtenant to the said mill of the said plaintiffs, were assessable in the township of Lake, and the said plaintiffs are not entitled to recover anything on account of the taxes paid upon said logs last mentioned."

The plaintiffs allege error in the fourth conclusion of law. The defendant assigns error as to each of the other conclusions of law.

The main question involved is whether the logs piled along the railroad right of way and grounds should be assessed in the townships where they were when the assessments were made, or whether they may be assessed in the township of Lake. It is the claim of counsel for defendant that, by the tax law,—

"Forest products are divided into three classes for the purpose of taxation: (*a*) Those in the streams and waters of this State, assessable at their destination; (*b*) those along a public railroad, or actually delivered at a sawmill, assessable where they happen to be; (*c*) those being handled by private conveyance, assessable according to

the circumstances appearing in each case,— classes *a* and *b* being governed by section 15, and *c* controlled by subdivision 8, § 14.   The first two of these conditions, therefore, present questions of law only, while the last may be a mixed problem of fact and law."

If we understand the argument, it is that, inasmuch as plaintiffs are the owners of the railroad over which the logs are transported, they are handled by private conveyance, and must be deemed to be in transit, and are assessable at their place of destination, the township of Lake; citing *Elk Rapids Iron Co.* v. *Township of Helena,* 117 Mich. 211 (75 N. W. 455).

Section 3836, 1 Comp. Laws 1897, provides that, with certain exceptions, personal property shall be assessed in the township where the owner is an inhabitant.   Subdivision 8 of the following section provides that all forest products shall be assessed in the township or ward where the same may be on the second Monday of April, except that, where such property is in transit to some place within the State, it shall be assessed in such place.   Section 3838 throws light upon what is meant by "forest products in transit," and provides:

"That all lumber, logs,   *   *   *   that may be piled or left in any yard, railroad reserve, or in any shed, shall not be deemed in transit, but shall be assessed to the person or corporation having control of the yard, railroad reserve, shed, or place of storage where the same may be situated at the time provided by law for taking such assessment."

This language is not ambiguous, and it does not make an exception in case the railroad over the track of which the logs are to be transported is owned by the owner of the logs instead of by a corporation.   See *Hood* v. *Judkins,* 61 Mich. 575 (28 N. W. 689); *Maurer* v. *Cliff,* 94 Mich. 194 (53 N. W. 1055); *Township of Plainfield* v. *Sage,* 107 Mich. 19 (64 N. W. 731).

The next question is whether the railroad track and bed should be assessed in the township where it is located. There can be no question, we think, but that it is real

property. It is not owned by a corporation, and there is no claim made that it pays specific taxes. Section 3826, 1 Comp. Laws 1897, provides that real property shall be assessed in the township or place where situated. An exception is made to this rule where the real estate belongs to a corporation which pays specific taxes. See section 3834, 1 Comp. Laws 1897. · But our attention has not been called to any law which would establish any different rule for the assessment of this real estate than the one requiring it to be assessed at the township where it is situated.

The remaining question is whether the court was right in holding that the logs which were in that portion of the pond which lies in the township of Caldwell might be assessed in the township of Lake. These logs were to be manufactured at the mill, which was in the township of Lake. They were in the lake, but had not yet reached the place of manufacture, to wit, the mill, which was upwards of 160 feet from the township line. We think they were within the provisions of section 3838, 1 Comp. Laws 1897, and were properly assessed in the township of Lake.

Judgment is affirmed in both cases.

The other Justices concurred.